WIGGINTON, Judge.
This appeal is brought by plaintiff who seeks reversal of a judgment entered in its *59 favor in an action for damages arising out •of a breach of contract. Plaintiff contends that the trial court who sat as a trier of both the law and the facts, a jury having been waived, erred in refusing to consider all of the credible ■ testimony and evidence with ■respect to the issue of damages, and by having rendered a verdict and judgment in which the damages awarded are grossly in-adequate.
Plaintiff is a general contractor who contracted to construct a housing project at Fort Rucker, Alabama. Plaintiff subcontracted the tile work to defendant who ■agreed to install the tile on the floor and walls in each of 800 bathrooms in accordance with the plans and specifications for an agreed sum of $143,000.00. Plaintiff’s complaint alleges that defendant breached its •contract in that the tile work installed by it •on the walls in each of the 800 bathrooms was defective and would have to be replaced; that because of such breach of contract plaintiff suffered damages for which judgment is prayed. Defendant filed its answer pleading general denial, an- affirmative defense and counterclaim. At the conclusion of the trial the court entered judgment awarding plaintiff damages in the sum of $7,593.75, plus attorneys fees arid court costs.
The only evidence with respect to damages was introduced by the plaintiff. There is no dispute as to the amount of tile work included in the subcontract found to have been breached by defendant, nor the amount of tile work which was installed on the walls in each of the 800 bathrooms. There is likewise no dispute as to the cost per square foot required to be • expended in order to correct the defective work performed by defendant.
The witnesses who testified on behalf of plaintiff based their estimate of damages on the amount which would be required to remove and replace the tile in each of the 800 bathrooms included in the contract. It developed, however, that one of these witnesses had actually inspected and found defective tile work to exist in only 60 bathrooms, while the other witness for plaintiff had actually inspected and found the tile work to be defective in only 75 bathrooms. The record is silent as to whether the inspections made by these witnesses were of the same or different housing units. The opinion of each of these witnesses that the tile would have to be -'replaced in all 800 bathrooms was based upon hearsay evidence acquired by them from reports and statements of other inspectors, and from complaints made by some of the tenants in the housing units. The trial' court’s award of damages was based upon defective work in only 75 bathrooms, this figure being the greater number of bathrooms inspected by either of plaintiff’s witnesses.
Appellant complains that the trial court erred in not accepting the assumption made by each of the witnesses testifying on its behalf that because defective work was found by them to exist in the limited number of bathrooms which they inspected, that the tile work in the remaining 725 bathrooms was equally defective and would likewise have to be replaced. In support of this position appellant relies upon the principle that uncertainty of the amount or difficulty of proving the amount of damages with certainty will not be permitted to prevent recovery in an action for. breach of contract, for if it is clear that substantial damages have been suffered, the impossibility of proving its precise limits is no reason for denying substantial damages altogether.[1]
We pause here to observe that the rule of law on which appellant relies has no application to the facts in this case. If evidence of defective work was available to plaintiff’s witnesses in the bathrooms which they personally inspected, then evidence of defective work in the remaining 725 bathrooms was equally available to them, if in fact such defective work existed. There is no explana *60 tion in the testimony of these witnesses as to why they did not make a complete inspection of each of the bathrooms in the entire housing project before attempting to form an opinion as to the extent of the default committed by defendant, and the amount of damages suffered by plaintiff as a result thereof.
The questions presented for our decision are firstly, whether the fact that defective work by defendant was found to exist in 75 bathrooms inspected by plaintiff's witnesses, there arises an inescapable and binding inference that the tile work in the remaining 725 bathrooms is similarly defective and must be replaced. Secondly, we are asked to decide whether the trial judge was bound to accept as true the opinions of plaintiff’s witnesses based upon their assumptions as to the extent of damages suffered by plaintiff, which assumptions must necessarily rest upon hearsay evidence acquired by the witnesses from other inspectors and tenants of the housing units. It is our view that both questions must be answered in the negative.
It is fundamental that the judgment of the trial court sitting without a jury as the trier of both law and fact will not be disturbed on appeal unless it is shown by the record that there is a complete absence of testimony or evidence to support the conclusions reached.[2] It is equally well settled that it lies peculiarly within the province of the trier of facts to weigh the evidence and judge the credibility of the witnesses testifying. Upon a careful consideration of the evidence contained in the record before us, we would not be justified in holding that the trial court committed reversible error in confining plaintiff’s damages to the amount necessary to correct the defective tile work found in the maximum number of bathrooms personally inspected by the witnesses who testified in behalf of plaintiff. We do not conceive the law to be that defective work found to exist in 75 bathrooms necessarily raises an inescapable inference that the tile work in the remaining 725 bathrooms is equally defective. Nor can we hold the trial judge in error for refusing to accept the assumptions of plaintiff’s witnesses predicated entirely upon hearsay evidence. Appellant having failed to clearly demonstrate reversible error, the judgment appealed is affirmed.
Affirmed.
CARROLL, DONALD K, Acting C. J.,' and RAWLS, J., concur.

. Twyman et al. v. Roell, 123 Fla. 2, 166 So. 215.

. First Atlantic National Bank v. Cobbett, (Fla.1955) 82 So.2d 870.