CARROLL, DONALD K., Judge.
In an eminent domain proceeding a petitioner for a determination of its rights as a mortgagee has appealed from a final order entered by the Circuit Court for Duval County ruling that such petitioner is not a bona fide holder for value in due course of a mortgage on lands involved in the said proceeding and that such mortgage is void.
The principal question for determination in this appeal is whether the evidence presented to the Circuit Court sufficiently supports the said ruling under the applicable law.
The main condemnation proceedings were instituted by the State Road Department, an agency of the State of Florida. Among the many defendants in these proceedings are the appellees, Harold Barnes and his wife, Barbara Joan Barnes, as the record title owners of three parcels of land involved in the said proceedings, which parcels are stated in the final judgment to be subject to two mortgages, one of them being in favor of Shell Home Finance Corporation (the former name of the appellant, Commercial Acceptance Corporation). In the final judgment, based upon a jury verdict, the court awarded compensation in the amount of $10,400, for the taking of the said three parcels.
A few days before the entry of the said final judgment, the appellant herein, Commercial Acceptance Corporation, filed in the said court a petition for a determination of its rights under a mortgage held by it covering the three parcels of land owned by the appellees Mr. and Mrs. Barnes, with respect to “the compensation awarded to each defendant owner by the verdicts hereafter rendered in this cause * * The corporation also alleges in its petition that the said appellees on April 18, 1962, executed a note in favor of Style-Craft Carpet Company in the amount of $1,415.88, and on the same date gave to the said company a mortgage, a part of the lands covered by the mortgage being the said three parcels involved in the said condemnation-proceedings.
The appellant’s said petition was filed pursuant to Section 73.12, Florida Statutes, F.S.A., relating to judgments in eminent domain cases, which section provides in pertinent part:
“The court upon appropriate petition shall determine the rights of any owners, lessees, mortgagees, judgment creditors and lienholders in respect to the compensation awarded to each owner by the verdict, and the method of apportionment among interested parties together with the disposition of any other matters arising from the taking.”
On the same day, November 18, 1963, that the appellant filed the foregoing petition, the said appellees also filed a petition, pursuant to the just-quoted statute, seeking an apportionment and determination of the appellant’s interest as a mortgagee in the aforementioned three parcels of land.
After hearing the testimony of the several witnesses of the parties on the issues raised in the said petitions and considering the various documentary exhibits filed in evidence by the parties, the Circuit Court entered the final order appealed from herein, stating the following as its findings of facts from the said evidence: that the note and mortgage in question bear the genuine signatures of Mr. and Mrs. Barnes but at the time of signing they were not aware that these instruments were a mortgage note and a mortgage deed and were not aware that the latter was a mortgage on their homestead property; that their signatures on the note and mortgage ‘Vere obtained by an agent of Style-Craft Carpet Corporation through artifice and misleading and fraudulent representations” by the *253 said corporation; that the execution of the said mortgage deed by Mr. and Mrs. Barnes was not in the presence of two subscribing witnesses; that the said note is dated April 13, 1962, and contains a provision that, as additional collateral security for the note, “the undersigned executed a mortgage of even date,” but the said mortgage deed is dated April 18, 1962; that during the month of April, 1962, Mr. and Mrs. Barnes owned as an estate by the entireties the land covered by the said mortgage and occupied the said property, together with their child, as homestead property, with Mr. Barnes as the head of his family; that the said mortgage was signed by Mr. and Mrs. Barnes in the evening of April 18, 1962, and yet on the very same day that mortgage was assigned in Fulton County, Georgia, by the Style-Craft Carpet Corporation to the Southern States Investment Corporation, which on the next day assigned it to the Shell Home Finance Corporation (the former name of the Commercial Acceptance Corporation, the appellant).
Based upon the foregoing findings of fact, as well as the entire testimonial and documentary evidence adduced by the parties, the Circuit Court in its said final order set forth the following as its conclusions of law: that the appellant “is not a bona fide holder for value in due course” of the mortgage signed by Mr. and Mrs. Barnes; that their signatures on the said note and mortgage “were obtained by false, misleading, fraudulent representations and overreaching by an agent of Style-Craft Carpet Company”; and that the proven circumstances are not sufficient to warrant the application of estoppel to the appellees, Mr. and Mrs. Barnes; that the mortgage is on homestead property and was not executed in the presence of two subscribing witnesses as required by law, and there are no proven facts estopping the appellees from asserting the invalidity of the mortgage. Finally, the court adjudged in its final order that the said mortgage is null and void and that the appellant is not entitled to receive any sum from the proceeds received by the said appellees as to the said three parcels awarded by the final judgment in the condemnation proceedings.
In considering the validity of the findings, conclusions, and disposition made by the Circuit Court in the final order appealed from herein, we are mindful of the fact that in the precise proceeding before us (on the petitions filed pursuant to Section 73.12, Florida Statutes, F.S.A., quoted from above), the court was sitting without a jury as the trier of both law and facts, in which circumstance we are required to follow the rule which we expressed in Florida Builders, Inc. v. Stephenson Tile, Inc., 167 So.2d 58 (Fla.App.1964), as follows:
“It is fundamental that the judgment of the trial court sitting without a jury as the trier of both law and fact will not be disturbed on appeal unless it is shown by the record that there is a complete absence of testimony or evidence to support the conclusions reached. It is equally well settled that it lies peculiarly within the province of the trier of facts to, weigh the evidence and judge the credibility of the witnesses testifying.”
See also the general statement of this rule in 2 Fla.Jur., Appeals, Sec. 346, page 721.
Applying the just-quoted rule, we have examined the evidence which was before the court and have not only found that the evidence is sufficient to support the final order, but also that the probative force of such evidence strongly supports the findings, conclusions, and disposition therein.
Even without the evidence of fraud perpetrated upon Mr. and Mrs. Barnes in connection with the said mortgage and without the evidence showing that the appellant is not a bona fide holder in due course of the said note and mortgage, the final decree appealed from could be affirmed on the almost unassailable ground that the mortgage was unenforceable *254 against the homestead property of Mr.'and Mrs. Barnes because it was not executed by them in the presence of two subscribing witnesses. The facts are established beyond debate in this record that the land in question was homestead property and that Mr. and Mrs. Barnes signed the mortgage outside of the presence of two subscribing witnesses.
Section 689.01, Florida Statutes, F.S.A., provides in effect that no estate or interest in land may be created or conveyed “in any other manner than by instrument in writing, 'signed in the presence of two subscribing witnesses by the party” creating or conveying such estate or interest.
In an appropriate case the Supreme Court of Florida held in Perry v. Beckerman, 97 So.2d 860 (1957): “Lack of two witnesses, however, prevents the enforcement of the mortgage against the homestead .absent an estoppel, which is not here apparent.” Similarly, the District Court of Appeal, Second District of Florida, in Lieberman v. Burley, 100 So.2d 88 (1958), which was a suit to foreclose a mortgage against homestead property, said the following:
“The sole question presented by this appeal is whether the lack of two subscribing witnesses to the execution of ■the mortgage prevents its enforcement against the homestead property.
“The question has been resolved. The party or parties making a mortgage on homestead property must sign it in the presence of two subscribing witnesses, and unless so executed the mortgage can not be enforced against the homestead in the absence of an estoppel. Estoppel is not here raised. See Perry v. Beckerman, Fla.1957, 97 So.2d 860, 862; Article X, section 4, Constitution of the State of Florida, F.S.A.; and section 689.01, Florida Statutes, 1955, F.S.A.”
As we stated above, in the instant case, we concur with the Circuit Court’s finding that there is insufficient evidence in this record to raise an estoppel against Mr. and Mrs. Barnes’ asserting the invalidity of the said mortgage.
For the foregoing reasons the final order appealed from herein should be and it is
Affirmed.
WIGGINTON, Acting C. J., and STUR-GIS, J., concur.