ON PETITION FOR REHEARING
WALDEN, Judge.
We had earlier dismissed appellant’s appeal because of untimeliness, pursuant to Florida Appellate Rules, 1962 Revision, 3.-2(b). Appellant asserts that our decision was incorrect because the last day upon which the appeal could be filed, Friday, December 26, 1969, was a legal holiday and hence appellant was entitled to additional time to the end that the appeal which was actually filed on December 29, 1969, became timely.
The essential question deals with an interpretation of Florida Appellate Rule 3.18, Computation of Time, and more specifically the provision:
“* * * If an act be required to be performed on a day certain and such day falls on a Saturday, Sunday, or legal holiday, the act shall be performed on the next day which is neither a Saturday, Sunday, nor a legal holiday.”
*420 It appears that the County Commission of Brevard County did declare that December 26, 1969, was a holiday. It further appears that by Executive Order No. 11503, the President declared that December 26, 1969, would be a holiday for Federal employees. Thus, at first blush it would seem that appellant’s position is meritorious. However, we notice that the Florida Appellate Rules govern us and all proceedings before us, Florida Appellate Rule 1.1. Further, Florida Appellate Rule 1.3 specifically defines legal holidays as follows :
“ ‘Legal Holiday’ means New Year’s Day, Good Friday, Memorial Day (May 30th), July 4th, Labor Day, General Election Day, any state-wide primary election' day, Veteran’s Day (November 11th), Thanksgiving Day, Christmas, and any Monday immediately following a Sunday upon which one of the foregoing holidays falls.”
December 26, 1969, is not a legal holiday within that definition. Thus, reading Florida Appellate Rule 3.18 in pari materia with Florida Appellate Rule 1.3, it is our opinion that December 26, 1969, was not a legal holiday under appellate practice and that appellant, was required to file his notice of appeal on or before that date in order to vest this court with jurisdiction.
We notice that statutory legal holidays of this state are numerous. See 30 Fla. Jur., Sundays and Holidays, § 3. They differ in some instances from the Rule definition and include, among others, Robert E. Lee’s birthday, Jefferson Davis’ birthday, Farmers’ Day and, in certain cities and towns, Shrove Tuesday. According to the appellant’s position, as we understand it, return days falling upon such “legal holidays” would entitle him to additional time to file his notice of appeal. This is clearly contrary to court practice. We also suppose that the Governor and City and County Commissions throughout the state are entitled to resolve that certain days are holidays, and we know that the President of the United States is empowered to declare holidays, such as the day the astronauts landed on the moon. See also the enumeration of legal holidays in the United States, Fla.Jur., Desk Book, Doc. No. 74, page 927.
We think the proper view to be taken of such holidays is stated in 30 Fla.Jur., Sundays and Holidays, § 8:
“Statutory or legal holidays are not regarded by the courts as nonjuridical days unless the courts are constrained to regard them as such by the terms or the necessary effect of statutes. A legal holiday has only the sanctity attached to it by statute. But Sundays in this state occupies the status of a nonjuridical day. S}S
See also 40 C.J.S. Holidays § 5; 50 Am. Jur., Sundays and Holidays, § 77.
We notice that Florida Appellate Rule 1.4 provides that the appellate rules supersede all conflicting rules and statutes and, thus, we believe that the definition of legal holiday found in our rules takes precedence over any statutory or other recital to the contrary. If it be deemed wise to amend or add to the definition of legal holiday found in the appellate rules, then same can be accomplished by the Supreme Court of our state. In the meantime, we hope that the clerks of the several courts of this state will pay heed to the definition of legal holiday found in Florida Appellate Rule 1.3, supra, and where same may conflict with other declarations of legal holiday, to at least maintain a token staff to the end that notices of appeal may be appropriately accepted and filed in accordance with the appellate rules.
In sum, we do not regard December 26, 1969, as a nonjuridical day and hold that it was necessary as a jurisdictional prerequisite for appellant to have filed his appeal not later than that date. To do otherwise and say that a legal holiday is any day that any governmental group shall say it is, regardless of its conflict with the definitions found in Florida Appellate Rule 1.3, supra, *421 is to bring uncertainty and confusion to an important jurisdictional question.
With this explanation, the petition for rehearing is
Denied.
McCAIN and REED, JJ., concur.