ON MOTION TO DISMISS OR QUASH APPEAL
PER CURIAM.
Appellee, Peninsular Building Supply Company, filed its motion to dismiss or quash this appeal on the grounds that the notice of appeal was not timely filed. The order appealed was entered on May 17, 1972. The last day for filing the motion for rehearing fell on Saturday, May 27, 1972. The motion was filed on Tuesday, May 30, 1972. The last Monday in May, 1972, was May 29th. Appellant contends that since Monday was a legal holiday under F.S. § 683.01(1) (g), F.S.A., its motion for rehearing was timely filed and consequently the time for filing its notice of appeal was tolled. Appellee contends that under Florida Appellate Rule 1.3, 32 F.S. A., Monday, May 29th, was not a legal holiday.
The dispositive question on this motion is whether or not the definition of Memo *230 rial Day (May 30) as defined in Florida Appellate Rule 1.3 is controlling under Rule 1.090(a), Rules of Civil Procedure, 30 F.S.A.
The Rules of Civil Procedure do not define the term “legal holiday” and therefore we must look to Florida Statute § 683.-01 (1) (g) F.S.A., which makes Memorial Day the last Monday in May a legal holiday.
We do not feel that we can read into the Rules of Civil Procedure the definition of Memorial Day as defined in the Appellate Rules. It would be helpful to the Bench and Bar if “legal holidays” as used in all of the judicial rules were uniform througtí-out, thereby eliminating any uncertainty and confusion as to exactly which holidays are to be considered legal holidays as used in all rules of our courts.
Not having the authority to read the definition of Memorial Day (May 30) as set forth in the Appellate Rules into the Rules of Civil Procedure, we must hold that under the Rules of Civil Procedure Memorial Day as defined in F.S. Section 683.01, F.S.A., as the last Monday in May is considered to be the legal holiday when such term is used in the Rules of Civil Procedure.
Appellee, Peninsular Building Supply Company, also contends that an order of apportionment under F.S. Section 73.-101, F.S.A., is an interlocutory order. We do not agree. We have not been cited nor have we through our research been able to find a judicial determination as to whether or not an apportionment order is interlocutory or final. However, an order apportioning a condemnation award was appealed to this court in Parks Building, Inc. v. Palm Beach County, Fla.App. 1962, 144 So.2d 830, and treated therein as an appeala-ble final order.
Appellee cites Florida Power Corporation v. Griffin, Fla.App.1963, 150 So.2d 270 as authority that the order in question is interlocutory. The Griffin case, supra, is
distinguishable in that the order therein was an order of disbursement and not one of apportionment of funds.
For the foregoing reasons the motion to dismiss or quash is denied.
LILES, A. C. J., and HOBSON and McNULTY, JT., concur.