GRIMES, Judge.
This is an appeal from an order of apportionment entered in a condemnation proceeding. In a prior appearance of the case, this court determined that the order was an appealable final order.[1]
The Department of Transportation filed a condemnation suit to acquire certain par *783 cels of land for a highway through the City of St. Petersburg. Among those owning land who were joined as defendants was Peninsular Building Supply Co. The City of St. Petersburg was joined as a defendant by reason of several liens on the property. In its answer, the City asserted special assessment liens against the parcel to-talling more than $7,000. The amount of money to be paid for the parcel by the condemning authority having been determined, Peninsular filed a motion “to determine what, if any, compensation is due to the City of St. Petersburg, Florida, in the above cause, pursuant to the provisions of Section 73.101, Florida Statutes.”
Following the hearing, the court entered an order determining the City was entitled to be paid for only a lot clearing assessment in the amount of $95.86. With respect to the balance of the assessments, the court found that the property had not been benefited in any way by the paving and drainage for which the City claimed its lien and that the City was guilty of laches by reason of unprecedented delay in enforcing its liens.
The City first contends that the court had no authority in this proceeding to cancel or apportion its special assessment liens. As authority for its contention, the City relies on the case of Jacksonville Expressway Authority v. Milford, Fla.App. 1st, 1959, 115 So.2d 778, in which our sister court held that the trial court had no authority to prorate any portion of ad va-lorem tax liens in a condemnation proceeding. We do not deem that case as controlling because it dealt only with whether real estate taxes assessed in the year in which the condemnation proceeding took place could be prorated between the condemning authority and the owner. The court held that since the lien of the taxes attached on January 1st, the owner became fully responsible for them even though he lost the property by condemnation later in the year.[2]
Were this a proceeding in which the City was seeking to foreclose its special assessment liens, the property owner would be entitled to interpose defenses attacking the validity of the assessments as they related to its property. Thus, in Atlantic Coast Line R. Co. v. City of Winter Haven, 1933, 112 Fla. 807, 151 So. 321, where the owner contended that the amount assessed against his land was far in excess of any special or peculiar benefit reasonably expected to be derived from the improvement, the Supreme Court said:
“Courts of equity, when called upon to enforce by foreclosure proceedings statutory municipal improvement liens imposed on property for special assessments to pay the cost of public improvements, must enforce the liens for the amount for which they were entered, if the liens were entered by the municipality in strict accordance with the terms of, and procedure required by, the statute authorizing them. But, if the liens be found to have been lawfully entered, but for amounts in excess of the constitutional powers of the governing authority of the city as applied to the facts of the particular case before .the court for consideration, the excess only is subject to judicial annullment or restraint, since, in granting relief of this kind, the courts are exercising judicial power to the extent only of protecting property rights from unjustified exactions and extor-tions, not as a means of interfering with that which was done within the limits of power conferred.”
Where there are no benefits accruing to abutting land by reason of local improvements, special assessments in relation to such improvements may be cancelled in a proper proceeding. Rosche v. City of Hollywood, Fla. 1952, 55 So.2d 909.
*784 At the point where the judgment for a condemnation award is entered, Section 73.101 provides in part:
“. . . Where there are conflicting claims to the amount awarded for any parcel, the court, upon appropriate motion, shall determine the rights of the interested parties with respect to the amount awarded for each parcel and the method of apportionment, together with the disposition of any other matters arising from the taking.”
We believe that it was clearly within the scope of this statute to permit a property owner to attack the validity of a special assessment lien against his property. In a condemnation action, the money being paid by the condemning authority takes the place of the land. Consequently, the claims of all parties against the land must then be adjudicated upon an equitable basis. The condemnation has the effect of accelerating all claims of lien against the land because once the money is disbursed there is nothing left to have a lien against.
In Commercial Acceptance Corporation v. Barnes, Fla.App.1st, 1965, 179 So.2d 251, the court upheld the determination that a mortgagee was not entitled to a portion of the monies derived from the condemnation of property covered by his mortgage because the mortgage and the note which it secured had been obtained by fraud. The statute under which that case was decided read somewhat differently than the current Section 73.101. Yet, the objective of both statutes was the equitable apportionment of the condemnation proceeds among those having claims against the land.
If Peninsular were not entitled to raise its defenses at this time, it would have no other opportunity to do so because both the land and the money would be gone. This does not constitute a collateral attack on the special assessment because the parties are in the same posture as if the City were foreclosing its special assessments in a separate proceeding. We, therefore, hold that the court had the right to consider Peninsular’s defenses to the special assessments in the condemnation action.
Prior to the time of the hearing on apportionment, Peninsular had not asserted that the assessments were invalid because of laches or lack of special benefit. The City’s counsel came to the hearing totally unprepared for such an attack. As a consequence, he produced no evidence and didn’t even have a court reporter to transcribe the hearing. The City asserts that had it known that these issues were to be tried, it could have produced substantial evidence to support the assessments.
 The burden of proving a lack of special benefit in an attack against a special assessment is upon the property owner. Rosche v. City of Hollywood, supra. Laches is an affirmative defense which must be pleaded. FRCP 1.110(d), 30 F.S. A. If this were a separate action by the City to foreclose its special assessment lien, the issues would have been properly raised by the pleadings. Here, there were no pleadings to alert the City concerning these defenses. In fact, this is a case of first impression with respect to the question of whether such defenses could even be raised in a condemnation suit. Therefore, we do not believe that the City should be precluded from presenting evidence of its own in support of the special assessment liens.[3]
Under these circumstances, we are constrained to reverse the judgment and remand the case for a further hearing upon Peninsular’s defenses to the special assessment liens. At that time, the issues should be clearly defined in advance so that each *785 party will be able to present such evidence as may be available to him. Then, the trial court will be in a position to enter a new order of apportionment.
McNULTY, A. C. J., and BOARDMAN, J., concur.

. Fla.App., 276 So.2d 229.

. The applicable statute was later amended to specifically permit the court to prorate taxes in a condemnation proceeding. See Section 73.061(2).

. The able trial judge might have reached the same conclusion in response to the City’s petition for rehearing except that he viewed himself as being foreclosed from any consideration of the petition due to untimely filing. In the course of denying the motion to dismiss the appeal, this court held that the petition for rehearing had been timely filed. 276 So.2d 229.