466 So.2d 1193 (1985)
Vincent P. CANNEY, Appellant,
v.
CITY OF ST. PETERSBURG, Appellee.
No. 84-1052.
District Court of Appeal of Florida, Second District.
April 3, 1985.
*1194 Gardner W. Beckett, Jr. of Nelson, Beckett & Nelson, St. Petersburg, for appellant.
B. Norris Rickey, Asst. City Atty., St. Petersburg, for appellee.
RYDER, Chief Judge.
Vincent Canney appeals a final judgment awarding him $6,450.00, plus interest. The City of St. Petersburg cross-appeals the same final judgment and an order awarding Canney $8,000.00 in attorney's fees. We reverse the case on appeal and affirm the case on cross-appeal.
In September of 1978, in order to widen a street, the City condemned the front portion of a lot upon which Canney's house was located. This condemned portion included the front part of the house itself. The City valued the condemned portion of the lot and the condemned part of the house at a total of $5,550.00. As severance damages to the remainder of the property, the City estimated that $11,150.00 would be the "cost-to-cure" of cutting off and removing the part of the house which stood on the condemned land and constructing a new front on the part of the house not taken. On December 19, 1978, the court issued an order of taking and ordered the City to deposit the sum of $16,700.00 in the registry of the court within twenty days. The order also provided that upon such deposit, the City would immediately take title to the land in fee simple and would be entitled to possession within ninety days after the date of deposit. The order required Canney to remove all structures or portions of structures and all other fixtures no later than the City's specified date of entitlement to possession.
On December 28, 1978, the City deposited the $16,700.00 into the court registry. On November 8, 1979, the City applied for a writ of assistance, or in the alternative, a contempt citation on the ground that: the City was entitled to possession on March 30, 1979; that Canney had not removed the structure from the land as required by the court order; that a portion of the deposit in the court registry was for the cost of remodeling the remainder of the structure after that portion of the structure was removed; and that Canney had refused the City's request to remove the structure. The court denied this motion.
The City then moved the court to allocate $5,550.00 in the court's registry to Canney's mortgage and also issue an order directing the clerk of the court to pay Canney the sum of $11,150.00. The court issued an order awarding $5,550.00 to Canney's mortgage. The court further ordered that if the City exercises its right under the order of taking to remove any structures remaining on the property, then the City shall be entitled to withdraw funds from the registry of the court in an amount equal to the cost expended by the City in the removal of the structures and any cost expended in repair of Canney's structure which may be necessitated by the removal. The City did not take further action.
In 1981, Canney's property was foreclosed by the mortgagee and sold to Joseph W. Langford and Ronald E. Clampitt. On February 8, 1982, the court granted Langford and Clampitt's motion to intervene in the case.
In November of 1982, the City moved the court to issue an order allowing the City to withdraw sufficient funds from the court registry to permit the completion of the construction work on the property. The court granted this motion and also ordered that any excess funds remaining after the project was completed should be paid to *1195 Langford and Clampitt, the new owners. Thereafter, Langford and Clampitt removed the City's part of the house which stood on the City's portion of the lot and put a new front on the remaining structure. This work was done pursuant to a written agreement between the City and the intervenors permitting the intervenors to use the cost-to-cure money for this purpose. Langford and Clampitt were paid $11,200.00 from the court registry.
On January 10, 1984, a jury verdict found that Canney, as owner of the condemned land, sustained $23,200.00 damages in the condemnation. Canney then moved the court to order that he is entitled to $17,650.00, which was the jury verdict of $23,200.00 less the sum of $5,550.00 previously paid from the court registry to Canney's mortgage. The court found that Canney was entitled to $6,450.00, which was the jury verdict of $23,200.00 less the sum of $5,550.00 previously paid to the mortgagee and less the sum of $11,200.00 previously paid to Langford and Clampitt. In doing so, the trial court erred. Canney's attorney also moved the court to award attorney's fees in the amount of $13,927.50. The court ordered the City to pay Canney's attorney $8,000.00 in attorney's fees. We find no error in this award.
The trial court incorrectly ordered the clerk to pay the $11,200.00 cost-to-cure money to Langford and Clampitt because Canney owned the condemned property at the time the City took title to it. When the City made the $16,700.00 deposit into the court registry, the City took title to the condemned land and at that moment Canney had a right to the proceeds in the court registry. The money the City paid then took the place of the land itself. City of St. Petersburg v. Division of Administration, State Department of Transportation, 293 So.2d 781, 784 (Fla. 2d DCA 1974).
The general rule for calculating severance damages is the "before-and-after" rule under which the severance damages are the difference between the value of the property before and after the taking. Jahoda v. SRD, 106 So.2d 870 (Fla. 2d DCA 1958). There is an exception to this general rule in cases where the injury to the remainder can be "cured" at a cost which is less than the severance damages calculated on a before-and-after basis. Hill v. Marion County, 238 So.2d 163 (Fla. 1st DCA 1970). The cost-to-cure basis was simply a method for reducing the severance damages which the City would otherwise have had to pay on a before-and-after basis. In either case, the money represented the injury sustained by the landowner. Even though the severance damages were estimated on a cost-to-cure basis, Canney was not obligated to use this money to tear down the City's part of the house and to put a new front upon the remaining structure.
Damages to compensate for the taking of land or for injury to land not taken belong to the one who owns the land at the time of the taking or injury. Marianna & B.R. Co. v. Maund, 62 Fla. 538, 56 So. 670, 672 (1911). Furthermore, the damages for the taking or injury do not pass to a subsequent grantee of land, except by provision in the deed or by assignment. Id.
In this case, the only assignment which Canney made was through a clause in his mortgage which provided that he assigned any damages from an eminent domain taking "to the extent of the full amount of the remaining unpaid indebtedness secured by his mortgage" to the mortgagee. The court properly ordered that the clerk pay the mortgage $5,550.00 of the amount on deposit in the registry. However, the remainder of the funds at that time belonged to Canney. The court did not have the power to order the clerk to pay the remaining funds on deposit to Langford and Clampitt, who obtained the property at a foreclosure sale without any assignment of Canney's claim. See Department of Transportation v. Burnette, 384 So.2d 916, 920 (Fla. 1st DCA 1980). Therefore, we reverse the court's order and judgment awarding Canney only $6,450.00, plus interest, and order the court below to *1196 award Canney, as damages, the sum of $17,650.00, plus interest.
On cross-appeal, we hold the court did not err in awarding Canney $8,000.00 in attorney's fees and, thus, we affirm that order.
GRIMES and SCHOONOVER, JJ., concur.