WESSEL, JOHN D., Associate Judge.
This is an appeal from an adverse final summary judgment. We reverse because the trial court bottomed its decision on technical admissions having the effect of eliminating any genuine issue of material fact.
Appellant instituted an action for specific performance on a contract for the sale of real property. His complaint was accompanied by a Notice of Lis Pendens.
The appellees by motion sought a summary judgment and the quashing or discharging of the lis pendens. The trial court relied upon a request for admissions which were deemed admitted because answers were not filed timely. The request for admissions was served on October 20, 1983. Their answers were due thirty days later with five (5) days for mailing (See Rule 1.370, Fla.R.Civ.P. and Rule 1.090(e), Fla.R.Civ.P.). Accordingly, the answers were due November 24, 1983 which was Thanksgiving Day, and the next day was a court-designated holiday followed by a two-day weekend.
A court-designated holiday is a legal holiday contemplated by Rule 1.090(a), Florida Rules of Civil Procedure. See Farrell v. Bendix Corporation, 232 So.2d 419 (Fla. 4th DCA 1970). We hold that when a court designates a holiday, the day so designated shall be considered a legal holiday in computation of any times pursuant to the Florida Rules of Civil Procedure.
Therefore it was error for the trial court to consider the request for admis *672 sions admitted for the purpose of appellees motion for summary judgment. Because the summary judgment had not precluded issues of material facts had the answers to the request for admissions been allowed, a full trial on the merits on remand will now be required. We need not address the other points raised on appeal except to point out it was equally error for the trial court not to allow the appellant to amend his complaint. Commercial Garden Mall v. Success Academy, Inc., 453 So.2d 934 (Fla. 4th DCA 1984).
Also, on remand the trial court should consider this court’s holding in Berkley Multi-Units, Inc. v. Linder, 464 So.2d 1356 (Fla. 4th DCA 1985) on the issue of the discharge of the lis pendens based on unrecorded instrument.
REVERSED and REMANDED.
DOWNEY and WALDEN, JJ., concur.