826 So.2d 370 (2002)
R.J. REYNOLDS TOBACCO COMPANY, Appellant,
v.
Floyd J. KENYON, Sr., and Florence Kenyon, his wife, Appellees.
No. 2D02-1667.
District Court of Appeal of Florida, Second District.
June 28, 2002.
*371 Benjamin H. Hill, III, and Troy A. Fuhrman of Hill, Ward & Henderson, P.A., Tampa; and Stephanie E. Parker and John F. Yarber of Jones, Day, Reavis & Pogue, Atlanta, for Appellant.
Charles P. Schropp of Schropp, Buell & Elligett, P.A., Tampa; Howard M. Acosta, Tampa; Kent G. Whittemore and Bruce H. Denson of Whittemore, Ferguson, P.A., St. Petersburg; and Gregory H. Maxwell of Spohrer, Wilner, Maxwell & Matthews, P.A., Jacksonville, for Appellees.

ON MOTION TO DISMISS
ALTENBERND, Judge.
The plaintiffs/appellees, Floyd and Florence Kenyon, have filed a motion to dismiss this appeal for lack of jurisdiction. They argue that the motion seeking entry of a judgment in accordance with a motion for a directed verdict or alternatively for a new trial, filed by the defendant/appellant, R.J. Reynolds Tobacco Company (R.J. Reynolds), was untimely and did not stay the time for filing the notice of appeal. R.J. Reynolds served its posttrial motion on December 26, 2001. The plaintiffs argue that the last day to serve the motion was Christmas Eve, December 24, 2001. We conclude that December 24, 2001, was a "legal holiday" for purposes of computing the time for the service of this posttrial motion because that day was an announced legal holiday under the local administrative order issued by the chief judge of the circuit. Accordingly we deny the motion. See Fla. R. Civ. P. 1.090(a), .480, .530.
The facts relating to this issue are not complex. It is embarrassing that the law does not provide a simple, readily available method to determine whether any such date is a legal holiday for purposes of judicial procedure. The embarrassment is perhaps heightened by the fact that this court suggested thirty years ago: "It would be helpful to the Bench and Bar if `legal holidays' as used in all of the judicial rules were uniform throughout, thereby eliminating any uncertainty and confusion as to exactly which holidays are to be considered legal holidays ...." City of St. Petersburg v. Div. of Admin., State Dep't of Transp., 276 So.2d 229, 230 (Fla. 2d DCA 1973). This court has no power to solve this issue, but it again encourages the Rules of Judicial Administration Committee to consider a workable solution.
The Kenyons sued R.J. Reynolds for bodily injuries allegedly sustained by Mr. Kenyon as a result of his use of cigarettes. The jury returned a verdict in favor of Mr. Kenyon for $165,000 on Wednesday, December 12, 2001. The jury awarded no damages in favor of Mrs. Kenyon. A final judgment in accordance with the jury's verdict was entered on December 13, 2001. R.J. Reynolds served its motion for a new trial and for a posttrial directed verdict on *372 Wednesday, December 26, 2001.[1] The trial court denied the posttrial motions on March 1, 2002, and R.J. Reynolds filed a notice of appeal on March 28, 2002. There is no question that the notice of appeal was timely filed so long as the posttrial motion was timely served. See Fla. R.App. P. 9.020(h).
Florida Rule of Civil Procedure 1.530(b) specifies that a motion for new trial must be "served not later than 10 days after the return of the verdict in a jury action." Florida Rule of Civil Procedure 1.480(b) contains an identical service requirement for posttrial motions for directed verdict. Thus, the motions in this case would need to be served by Saturday, December 22, 2001, unless the rules provide another way to compute ten days.
There is no special rule for the computation of time for the service of these posttrial motions. Instead, all periods of time under the Florida Rules of Civil Procedure are computed under Florida Rule of Civil Procedure 1.090(a). That rule states in pertinent part:
(a) Computation. In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed will be included unless it is a Saturday, Sunday, or legal holiday, in which event the period shall run until the end of the next day which is neither a Saturday, Sunday, nor legal holiday.
In this case, the parties all agree that rule 1.090(a) extended the time to serve the posttrial motions through Monday, December 24, 2001, because the tenth day fell on a Saturday. The only issue in this case is whether Christmas Eve was a "legal holiday" in 2001. There is no dispute that the clerk's office in the Thirteenth Judicial Circuit was closed on December 24, 2001, by an administrative order of the chief judge of that circuit. Likewise, the Florida Supreme Court was closed the day before Christmas.
In a logical world, to answer this simple question a lawyer would turn to the published rule of procedure that defined and listed the relevant legal holidays. One would expect that this list would apply to the comparable rules for computing time in other circuit court proceedings and also in appellate courts.[2] Such a rule might be placed in the Florida Rules of Judicial Administration or perhaps issued as a statewide administrative order that could be posted on the Florida State Courts home page.[3] No such statewide rule exists.
Because the issue relates to the jurisdiction of an appellate court, a lawyer might next turn to the Florida Rules of Appellate Procedure. These rules do not rely upon the concept of a "legal holiday." Instead, they contain a list of "holidays." See Fla. R.App. P. 9.420(e). This list ends with a catch-all provision that states: "Any other day when the clerk's office is closed." *373 See Fla. R.App. P. 9.420(e)(14).[4] If the rules of procedure applicable to the circuit court contained a similar catch-all phrase, then R.J. Reynolds' motion would be timely served. However, the appellate rules do not govern the question of the timeliness of this posttrial motion.[5]See City of St. Petersburg, 276 So.2d 229. Accordingly, we must look elsewhere for an answer.
Even though one would not expect a procedural issue to be resolved by a legislative enactment, a lawyer might next review the Florida Statutes for an applicable list of legal holidays to cobble onto Florida Rule of Civil Procedure 1.090(a). Chapter 683, Florida Statutes (2001), contains a long list of "legal holidays" and many other days of recognition. The list of legal holidays in section 683.01(1), Florida Statutes (2001), includes Robert E. Lee's Birthday, Lincoln's Birthday, Susan B. Anthony's birthday, Pascua Florida Day, Confederate Memorial Day, Jefferson Davis's birthday, and Flag Day. It also includes Shrove Tuesday in counties that celebrate Mardi Gras. Because this case arises in Hillsborough County, it should be noted that Gasparilla Day and Parade Day are county-specific legal holidays. See §§ 683.08, .12, Fla. Stat. (2001).[6] Whenever any of these days fall on a Sunday, the following Monday is a legal holiday. See § 683.01(2), Fla. Stat. (2001). The legislature has specified that these days are legal holidays as used in contracts, but it has not attempted to require the courts to close on these days. See § 683.02, Fla. Stat. (2001). As tempting as it may be to close the court on Pascua Florida Day and the various other holidays in chapter 683, we think the public expects the courts to remain open on all but the most significant statutory legal holidays. There is little practical reason to extend service periods on legal holidays that are not celebrated by either law firms or the post office.
On at least one occasion, this court has relied upon chapter 683 to determine that Memorial Day was a legal holiday for purposes of computing time under the rules of civil procedure. See City of St. Petersburg, 276 So.2d 229. It appears that the court looked to chapter 683 in that case *374 because it could find no judicial definition of "legal holiday."
In 1986, the Fourth District held that when a court designates a holiday, the day so designated is considered a legal holiday for purposes of computing time under the rules of civil procedure. See Cassas v. Lazan, 488 So.2d 671 (Fla. 4th DCA 1986). The opinion contains little discussion or reasoning, but if this court follows Cassas, the motion to dismiss must be denied.[7]
In 1989, Judge Zehmer addressed a case that is virtually identical to this case except for the fact that the confusion arose over the day after Thanksgiving. See Cummins Alabama, Inc. v. Allbritten, 548 So.2d 258 (Fla. 1st DCA 1989). The First District held that when conflict exists between the list of legal holidays in chapter 683 and the Florida Rules of Court, the court rules control. The First District reasoned that the supreme court has exclusive rule-making authority. It concluded that the 1978 Personnel Regulations Manual contained the rules for determining legal holidays. If this court follows Cummins Alabama, the motion to dismiss must be denied. See also State v. Garber, 726 So.2d 338 (Fla. 5th DCA 1999) (applying reasoning of Cummins Alabama to computation of time under the Florida Rules of Criminal Procedure).
We are troubled by Cummins Alabama because the list of holidays in the court personnel manual exists for purposes largely unrelated to the rules of civil procedure. Moreover, this manual is not a readily available legal document. We fully agree that a rule announcing legal holidays promulgated by the supreme court would control in this case, but we hesitate to treat the personnel manual as such a rule.
On the other hand, the supreme court has delegated considerable administrative authority to the chief judge of each circuit. See Fla. R. Jud. Admin. 2.050. It is undisputed that the chief judge of the Thirteenth Judicial Circuit exercised that authority to issue an administrative order specifying legal holidays. Without deciding whether days in addition to those in the local administrative order may be legal holidays, we hold that Christmas Eve of 2001 in the Thirteenth Judicial Circuit was a legal holiday as a result of the local administrative order.
It is noteworthy that all of the rules of procedure uniformly use a single method to compute time for both filing and service requirements. We have considered whether it would be helpful for the rules to contain different methods to compute time for service as compared to filing. Obviously, a document cannot be filed when the courthouse is closed; mailboxes are open seven days each week. This district court, however, has no power to enact a special rule of procedure that computes the time for service in a manner other than that contained in rule 1.090(a).
Accordingly, this court denies the motion to dismiss and determines that it has jurisdiction to hear this appeal.
WHATLEY and SALCINES, JJ., concur.
NOTES
[1] Although it does not affect our analysis, the plaintiffs served a "protective motion for new trial" on December 21, 2001, and formally withdrew the motion by a filed document in mid-January. Presumably the plaintiffs' motion extended R.J. Reynolds' time to appeal the final judgment until mid-February. See Fla. R.App. P. 9.020(h).
[2] See Fla. R.Crim. P. 3.040,

Fla. Prob. R. 5.042, Fla. R. Traf. Ct. 6.350, Fla. R. Juv. P. 8.180(a), Fla. Fam. L.R.P. 12.090.
See also Fla. R. Work Comp. P. 4.040.
[3] http://www.flcourts.org.
[4] Interestingly, the list of holidays in rule 9.420(e) includes Washington's Birthday and Columbus Day. Thus, a party receives an automatic extension to serve a brief on those two days in 2002, even though neither the Second District nor the Florida Supreme Court closes its clerk's office in celebration of these holidays. On the other hand, both courts close for holidays that are not enumerated in the statewide rule.
[5] It should be noted that the catch-all phrase in the appellate rules is sometimes a source of confusion rather than clarity because of the interplay between the circuit and district courts. Rule 9.420(e) governs the definition of holiday for purposes of deciding the last day on which to file a notice of appeal. However, a notice of appeal is typically filed in the circuit court. See Fla. R.App. P. 9.110(b). According to the published calendars of the Thirteenth Judicial Circuit and the Second District, the clerk's office of this court will be open on December 26, 2002, while the clerk's office in the Thirteenth Judicial Circuit will be closed. Thus, the appellate rules will compel lawyers to file notices of appeal in a clerk's office that will be closed. Precedent suggests that the circuit court clerk should keep its office open on December 26, 2002, with a skeleton crew, to permit the filing of notices of appeal. See Farrell v. Bendix Corp., 232 So.2d 419 (Fla. 4th DCA 1970). This solution seems impractical. Perhaps the rule should state: "Any other day when the clerk's office is closed in that court where the proceeding is pending or, in the case of filed documents, the court where the document would regularly be filed."
[6] This case could be worse. If it had been filed in the Twelfth Judicial Circuit, "Desoto Day" would be a legal holiday in Manatee County but in no other county within the circuit. See § 683.09, Fla. Stat. (2001).
[7] A leading treatise on these rules suggests that "legal holiday" for purposes of Florida Rule of Civil Procedure 1.090 should include "any day the courts are closed." Bruce J. Berman, A Treatise on Process, Service and Time § III 4 Fla. Prac., Fla. R. Civ. P. 1.090 (2001-2002 ed.). This treatise has more value than most secondary sources because its author has long served as an active member of both the Florida Rules of Civil Procedure Committee and the Rules of Judicial Administration Committee.