ROSENBERG, ROBIN L., Associate Judge.
This is an appeal of a final judgment enforcing a non-binding arbitration award in favor of David Salomon, as trustee for the Estate of Elliot Gindi. Following the arbitration award, the parties filed a joint motion for trial de novo. The issue presented in this appeal is whether the trial court erred in entering a final judgment on the arbitration award, where the joint motion for trial de novo was timely filed. We reverse, holding the trial court erred in entering a final judgment based on a finding that no timely motion for trial was filed.
The following facts and dates are relevant to the issue raised on appeal: On May 16, 2005, the trial court entered an agreed order providing that the case would be submitted to arbitration followed by mediation. The arbitration was conducted on September 29, 2005, and the arbitration award was issued on October 10, 2005; the arbitration award was served on the parties by mail. Pursuant to Florida Rule of Civil Procedure 1.820(h), the parties had twenty (20) days to file a motion for trial and, because service was by mail, under Florida Rule of Civil Procedure 1.090(e), five (5) days were added to the time to file the motion. The deadline to file the motion for trial was November 4, 2005. The parties filed them joint motion for trial de novo and a joint motion to accept the late filing of joint motion for trial de novo on November 5, 2005. The filing was one day late due to Hurricane Wilma, which resulted in the closure of the Seventeenth Judicial Circuit courthouse during the weeks of October 24 and October 31, 2005. Due to the hurricane, the Supreme Court issued Administrative Order AOSC05-81, which addressed an emergency request to extend time periods under all Florida Rules of Procedure for the Seventeenth Judicial Circuit. The Administrative Order, in relevant part, reads:
2. In the Seventeenth Judicial Circuit, all time limits authorized by rule and statute applicable to civil (inclusive of circuit and county) ... proceedings are tolled from 5:00 p.m. on Friday, October 21, through 8:30 a.m. on Monday, November 14, 2005, nunc pro tunc.
The Administrative Order had the result of extending the time for filing the joint motion under Florida Rule of Civil Procedure 1.820(h). See R.J. Reynolds Tobacco Co. v. Kenyon, 826 So.2d 370, 371 (Fla. 2d DCA 2002) (holding that administrative order by chief circuit court judge establishing Christmas eve as a “ ‘legal holiday’ for purposes of computing the time for the service” of a motion controlled timeliness of service). As the joint motion was filed well within the tolling period set forth in the Administrative Order, the motion was timely filed. The trial court erred in determining that the joint motion for trial de novo was filed untimely and in entering a final judgment on the arbitration award. The case is remanded to the trial court to conduct a trial de novo.

Reversed and remanded.

TAYLOR and GERBER, JJ., concur.