125 So.2d 567 (1960)
Peter BLUESTEN, Appellant,
v.
FLORIDA REAL ESTATE COMMISSION and Joseph Conderman, Appellees.
Supreme Court of Florida.
November 23, 1960.
Rehearing Denied January 16, 1961.
Orr & Lazar and Richard Yale Feder, Miami Beach, for appellant
Benjamin T. Shuman, Winter Park, for appellees.
DREW, Justice.
The registration of appellant, Peter Bluesten, as a registered real estate broker was revoked by appellee Florida Real Estate Commission. From this final judgment the appellant sought review by certiorari to the District Court of Appeal, Third District. The District Court disposed of the matter by an order denying the petition because the petitioner had failed to show that any essential requirements of the law had been violated.
This cause is now before this Court on an appeal taken from the last mentioned order of the District Court under the authority of Section 475.36, Florida Statutes, F.S.A. which purports to authorize appellate review in this Court of judgments of the District Courts in certiorari proceedings to the Florida Real Estate Commission.
The Constitution of this State authorizes the Legislature to vest in the District Courts of Appeal power of direct *568 review of administrative actions.[1] In 1959, pursuant to this provision of the Constitution, the Legislature provided that final orders and rulings of the Florida Real Estate Commission should be reviewable only by writ of certiorari issued by the District Courts of Appeal of the appropriate appellate district.[2] This legislative act prescribes in great detail the procedure to be followed in seeking such review and purports to limit and circumscribe the powers of the District Court with respect thereto. We interpolate at this point to observe that the validity of these provisions insofar as they purport to prescribe or limit the powers of the District Court with respect to such review, is not pertinent to the disposition of this cause and is not in any way involved in the immediate question under consideration. While the Legislature may prescribe the method of conducting hearings and the precedure to be followed in the administrative agencies of this State, the sole power to prescribe rules for the practice and procedure in the courts is vested by the Constitution in this Court.[3]
Our immediate concern is the power of this Court to entertain this appeal. Section 475.36, Florida Statutes, F.S.A., while ambiguous in many of its provisions, purportedly authorizes any party who is dissatisfied with the judgment on certiorari of the District Court to the Real Estate Commission to seek appropriate appellate review by the Supreme Court. Such provision must be construed with Section 4(2) of Article V of the Constitution which defines the jurisdiction of this Court. That section, insofar as review of judgments of the District Courts of Appeal is concerned, limits our jurisdiction on appeals to "decisions initially passing upon the validity of a state statute or a federal statute or treaty, or initially construing a controlling provision of the Florida or federal constitution." We, therefore, hold that decisions of the District Courts of Appeal in certiorari proceedings to review orders of the Florida Real Estate Commission are reviewable on appeal to this Court only in those instances where such decisions initially pass upon the validity of a state statute or a federal statute or treaty or initially construe a controlling provision of the Florida or federal constitution. The judgment of the District Court not falling within this category, we have no jurisdiction to entertain it. Accordingly, the appeal in this cause be and the same is hereby dismissed.
Appeal dismissed.
THOMAS, C.J., and TERRELL, HOBSON and ROBERTS, JJ., concur.
NOTES
[1] "The district courts of appeal shall have such powers of direct review of administrative action as may be provided by law." Art. V, Sec. 5(3), Florida Constitution, F.S.A.
[2] Ch. 59-197, Laws of Florida, now Sec. 475.35, Florida Statutes, F.S.A.
[3] Art. V, Sec. 3, Florida Constitution. State v. Furen, Fla. 1960, 118 So.2d 6.