PER CURIAM.
This matter is before us on certiorari to review an interlocutory order denying a motion to quash an amended information by the Florida Real Estate Commission against a broker and a salesman for alleged violations of the Real Estate License Law, Ch. 475 Fla.Stat., F.S.A. Review of such order by certiorari is provided for by § 475.30(2), Fla.Stat., F.S.A. See Bluesten v. Florida Real Estate Commission, Fla. 1961, 125 So.2d 567.
The information charged separate offenses in three counts. Counts 2 and 3 are viewed by us as sufficiently stating a prima facie case, and as to them denial of the motion to quash is affirmed. We hold, however, that the allegations of the first count are insufficient. In that count it is charged that after mutual cancellation of a contract by which the seller was to supply a lot and build a house thereon for purchasers, the broker refused to return the purchasers’ deposit when directed to do so by the seller. Section 475.25 Fla.Stat., F.S.A. recites the duty of the broker to return such monies “upon demand of the person entitled to an accounting and delivery,” provided, however, that the broker may take other action with reference thereto if in good faith he entertains a doubt as to his duty to account, etc. There was no allegation of a demand or request for return of the deposit by the purchasers, who, if it was to be surrendered by the broker, were the parties entitled to receive it. Count No. 1 was deficient in failing to allege that the refusal to deliver was under the circumstances which by the statute would constitute an actionable violation.
Accordingly the order under review is quashed in part, to the extent that it denied petitioners’ motion to quash count No. 1 of the amended information.
It is so ordered.