WHITE, Judge.
The state has moved to dismiss this criminal appeal on the ground that the notice of appeal was untimely filed. Such appeals must be filed within 90 days from the time of judgment or sentence. Fla.Stat. § 924.09, F.S.A.,[1] Rule 6.2, F.A.R., 31 F.S.A.[2]
In the instant case the last day fell on Sunday, 19 April 1964 and notice of appeal was filed on Monday, 20 April 1964. The defendant contends that the appeal was timely filed under the provisions of Rule 3.18, F.A.R.[3] but the state claims that the ninety day statutory period is absolute and cannot be waived or extended by the courts. The state cites Newsom v. State, Fla.1951, 54 So.2d 58; Wells et al. v. State, Fla.1949, 38 So.2d 464; Bell v. State, 1944, 154 Fla. 505, 18 So.2d 361. These decisions were all written prior to the introduction of the 1954 Rules of Civil Procedure and Florida Appellate Rules now in effect.
The question appears to be settled that such an appeal is timely filed whether it be civil or criminal. Rule 3.18 does not extend the time set by the legislature — it merely defines the manner in which the statutory time is to be computed.
In State ex rel. Ervin v. Smith, et al., Fla.1964, 160 So.2d 518, 520, also cited by the state, the Supreme Court expressly noted:
“ * * * Although the law recognizes a right to appeal, this does not preclude the State from prescribing reasonable prerequisites to the exercise of the right. Customarily a time limitation is placed on the right to appeal. In Florida criminal cases this right must be exercised within 90 days from the time of judgment or sentence. Section 924.09, Florida Statutes, F.S.A.; Rule 6.2 F.A.R., 31 F.S.A. This is subject *203 to the provisions of Rule 3.18 F.A.R.” (Emphasis added.)
The state points out that the Supreme Court in the decision quoted supra also held that “the timely filing of a notice of appeal is jurisdictional and neither we nor the District Courts have any power to waive the requirement.” The state’s argument, however, is based on the assumption that Rule 3.18, F.A.R. waives or extends the statutory period. As noted the quoted rule merely operates to compute time prescribed by rules, orders or applicable statutes.
In civil cases the comparable question had been laid at rest even prior to the adoption of the 1954 Rules of Civil Procedure. In Carlile v. Spofford, Fla.1953, 65 So.2d 545, Chief Justice Roberts considered a civil appeal filed on the 61st day, the 60th day having fallen on a Sunday. Although Fla.Stat. § 59.08, F.S.A. provides that civil appeals shall be filed within 60 days, the opinion noted that the provisions of said chapter were subject to be changed, superseded, amended or repealed by rules of court. Under the then existing Common Law Rule 7(a) and Equity Rule 32(a) the notice of appeal was timely filed. See annotation in 61 A.L.R.2d 482, at 491. Cf. Fla. Stat. § 25.371, F.S.A.,[4] Rule 3.2(b) F.A.R.[5] The courts are powerless to exercise jurisdiction in the absence of the filing of such a notice of appeal within the time and manner prescribed by the rules. Counne v. Saffan, Fla.1956, 87 So.2d 586, 587.
In Zeller v. Industrial Research, Inc., Fla.1955, 77 So.2d 616, the Supreme Court applied the “Sunday Rule” to constitutional certiorari proceedings. Rule 3.18 F.A.R. was implicitly applied in Blount v. Hansen, Fla.1961, 133 So.2d 73. There the notice of appeal was filed on the 6lst day, the 60th day having fallen on a Monday. After noting that the last day upon which the notice of appeal could have been filed was not a holiday, the Supreme Court dismissed the appeal. This court followed the Blount decision in In Re Walker’s Trust, Fla.App. 1962, 143 So.2d 363 wherein we said:
“ * * * May 14, 1962, which was the last day for filing and conferring jurisdiction, was a Monday and was not a legal holiday. Therefore, since the appellant did not meet the mandatory requirements of Florida Statute § 59.0S F.S.A., the appeal must be dismissed.”' (Emphasis added.)
While Rule 3.18 F.A.R. was implicitly conceded as relevant to the time for filing notices of appeal, we rejected the contention that Rule 3.4(b) F.A.R. grants an additional three days when the mail is used. We held that the latter rule provides additional time for service and does not extend the jurisdictional limitation.
In De Robertis v. Duval Jewelry Co., et al, Case No. 5098, this court recently denied, appellees’ motion to quash an appeal which was filed on the 61st day, the 60th day having fallen on a Sunday. The appellee contended that Rule 3.18 F.A.R. was unconstitutional as applied to statutes ■ setting jurisdictional periods and claimed that the time for filing appeals is strictly within the province of the legislature and cannot be regulated by rule. From our order denying their motion to quash, the appellees sought a writ of prohibition in the Supreme Court. The writ was denied in State ex rel. Duval Jewelry Co. v. Smith, Jr., et al., Fla.1964, 166 So.2d 755.
*204 Rule 3.18 F.A.R. is a rule of construction defining a method of computing time, and our courts have applied the applicable statutes and rule uniformly. The motion to dismiss the appeal is denied.
SMITH, C. J., and ALLEN, J., concur.

. § 924.00, F.S.A.
“An appeal may be taken by tlie defendant only within ninety days after the judgment, sentence, or order appealed from is entered, except that an appeal by .a person who has not been granted probation may be taken from both judgment and sentence within ninety days after the sentence is entered.”

. Rule 6.2, F.A.R.
“Any appeal by the defendant shall be taken within 90 days after the judgment is entered, or from the judgment or sentence, or both, within 90 days after the sentence is entered.”

. Rule 3.18, F.A.R.
“In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the clay of the act, event or default from which the designated period of time begins to run is not to be included. The last day of the period so computed shall be counted, unless it is a Saturday, Sunday or a legal holiday, in which event the period shall run until the end of a next day which is neither a Saturday, Sunday nor a legal holiday. When the period of time prescribed or allowed shall be less than seven days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation. A half holiday shall be considered as any other day and not as a holiday. If an act l)e required, to be performed on a day certain and such day falls on a Saturday, Sunday, or legal holiday, the act shall be performed on the next day which is neither a Saturday, Sunday, nor a legal holiday." (Emphasis added.)

. Fla.Stat. § 25.371, F.S.A.
“When a rule is adopted by the supreme court concerning practice and procedure, and such rule conflicts with a statute, the rule supersedes the statutory provision.”

. Eule 3.2(b) F.A.K.
“Appeals from final decision®, orders, judgments or decrees shall be commenced' within 60 days from the rendition of the-final decision, order, judgment or decree-appealed from, unless some other period of time for taking an appeal is specifically provided by statute or tlvese1 rules.’’' (Emphasis added.)