**Richard D. HOOVER, Petitioner,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent.**

**No. 67–18–Civ–TC.**

United States District Court
S. D. Florida.
May 17, 1967.

James Jay Hogan, Miami Beach, Fla., for petitioner.

Earl Faircloth, Atty. Gen., Tallahassee, Fla., Stanley Kupiszewski, Asst. Atty. Gen., Miami, Fla., for respondent.

## ORDER DENYING PETITION FOR HABEAS CORPUS

CABOT, District Judge.

This cause came on for hearing on a petition for habeas corpus by Richard D. Hoover. The Court has considered the testimony of the witnesses, the pleadings as they appear in the Court file, and the argument and memoranda of counsel.

Petitioner was found guilty in the State Court of second degree murder and sentenced to thirty years.

The events leading up to his conviction were as follows: On January 8, 1952, petitioner was indicted for the crime of first degree murder. At his arraignment of January 11, 1952, he entered a plea of not guilty, and not guilty by reason of insanity. Petitioner's counsel subsequently moved the trial court to determine petitioner's mental condition and the trial court transferred the petitioner to the Miami Sanitarium for an examination. Petitioner was examined by court appointed psychiatrists and found competent to stand trial, and an order adjudging him sane was entered by the circuit court judge on March 10, 1952 (Tr. 31). Petitioner was then found guilty of murder in the second degree on March 10, 1952, and sentenced to thirty years.

Following the trial, on April 7, 1952, petitioner was found incompetent and placed in the State Hospital at Chattahoochee, Florida. He was released from the hospital on December 9, 1960.

▆▆▆ Petitioner was denied relief pursuant to Florida Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix, by the trial court and his subsequent motions asking the court to reconsider its prior order were also denied. (Tr. 53–69). The Second District Court of Appeal affirmed the decision below and a petition for habeas corpus was denied by the Supreme Court of Florida. There-

**600**

fore, petitioner has exhausted his state remedies.

Petitioner basically raises five points in his petition.

The first is whether he was sane at the time of commission of the crime, and the second is whether he was sane at the time of trial.

Upon direction of the trial judge, petitioner was examined by two physicians at the time of trial, namely, Paul S. Jarrett, M.D., and John E. Wright, M.D. Dr. Jarrett testified before this Court as to his earlier findings. At the time of their examination these two doctors filed written reports stating that they were of the opinion that petitioner was sane, and on their report and after consideration, the trial judge entered an order finding the petitioner competent to stand trial.

█ █ The Court realizes that incompetency at the time of trial in a State Court may be raised by habeas corpus in a federal district court, Thomas v. Cunningham, 313 F.2d 934 (4th Cir. 1963), but finds that petitioner's lawyer, even though not clearly remembering what occurred back in 1952, apparently was satisfied with the assistance rendered him by the petitioner in the preparation of petitioner's defense, and that petitioner understood the nature of the proceedings. See Swisher v. United States, 237 F.Supp. 921, aff'd 354 F.2d 472 (8th Cir. 1966), and United States v. Womach, 211 F.Supp. 578 (D.C.D.C. 1962). In addition, there remains the adjudication by the trial court of sanity upon competent testimony and after petitioner had been examined, and the fact that petitioner was committed twenty-three days after his conviction, plus the other proof submitted by petitioner is not sufficient to demonstrate to this Court that the prior determination of competency to stand trial by the State Court was in error.

Finally, upon sentencing, when called upon to say why the sentence should not be pronounced, neither petitioner nor his counsel stated any reason why such sentence should not be pronounced even though pursuant to Florida Statutes Section 921.08, F.S.A., insanity since the rendition of verdict could have been raised at that time.

█ As his third point, petitioner questions the competency of his trial counsel. Petitioner's counsel in the trial court was privately employed and nothing in the record or at the hearing on this cause indicates incompetency or inadequacy of counsel. See Busby v. Holman, 356 F.2d 75 (5th Cir. 1966).

The record reflects a diligent and competent representation by petitioner's counsel and the respect and reputation this attorney enjoys in the community is reflected by the fact that he now holds the position of Circuit Judge in the Fifteenth Judicial Circuit of Florida.

As his fourth ground petitioner asserts that he was denied due process and equal protection of the law and assistance of counsel when he was committed to the state mental institution twenty-three days after his conviction, and that he was denied his right to appeal as a result.

█ This allegation is without merit as the law of Florida is clear that insanity arising subsequent to conviction does not affect the validity or enforceability of the judgment of conviction. Deeb v. State, 118 Fla. 88, 158 So. 880; Ex parte Chesser, 93 Fla. 590, 112 So. 87.

█ In addition, insanity subsequent to the beginning of the appeal period does not toll the running of the time for appeal. McDonald v. Hovey, 110 U.S. 619, 4 S.Ct. 142, 28 L.Ed. 269 (1884). Petitioner has not demonstrated to this Court that he was unconstitutionally deprived of his right to appeal and the courts of Florida are without jurisdiction to hear appeals not filed within the statutory period. Finley v. State, 168 So.2d 201 (Fla.App.2d Dist.1964); State ex rel. Ervin v. Smith, 160 So.2d 518 (Fla.1964). Accordingly, petitioner was not denied due process and equal protection of the law. See e. g., Griffin

v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956).

Respondent also raised a good point in his brief, in that even if petitioner's allegations were true and petitioner were refused the right to appeal subsequent to his trial, the record shows that petitioner failed to take any action seeking relief or an appeal for more than two years after his release from the hospital. Therefore, even if the time for appeal had been tolled, this period is well beyond the ninety day period prescribed in Florida Appellate Rule 6.2, 31 F.S.A.

Finally, petitioner half-heartedly attacks the constitutionality of the M'Naughton test but admits that "the law at the present time does not support the petitioner's attack on the M'Naughton Rule." Petitioner cites no authority for the overruling of this test other than the comments of Mr. Justice Douglas in the denial of certiorari in Pierce v. Turner, 386 U.S. 947, 87 S.Ct. 978, 17 L.Ed. 2d 877. This Court is of the opinion that this is not the proper time nor case to rule on the constitutionality of the M'Naughton Rule. Accordingly, it is

Ordered and adjudged that the petition for habeas corpus by Richard J. Hoover is hereby denied.