332 So.2d 699 (1976)
STATE of Florida, Appellant,
v.
Albert JONES and Nellerine Jones, Appellees.
No. AA-136.
District Court of Appeal of Florida, First District.
June 7, 1976.
*700 Robert L. Shevin, Atty. Gen., and Donald K. Rudser, Asst. Atty. Gen., for appellant.
Franklin R. Harrison, of Davenport, Johnston, Harris, Gerde & Harrison, Panama City, for appellees.
McCORD, Judge.
This is an appeal from an order of the trial court discharging the appellees pursuant to Rule 3.191, F.R.Cr.P., the speedy trial rule. Appellees were charged with three felony counts and at arraignment they entered pleas of not guilty and their trial was set for October 28, 1975. On the trial date, they filed motions for discharge alleging that neither had been brought to trial within 180 days as required by Rule 3.191(a)(1), F.R.Cr.P. After hearing the trial court entered the order from which appeal is taken, ruling as follows:
"THE ABOVE cause having come on to be heard on each defendants' Motion for discharge and counsel for the State and defendants having stipulated that the 180 days provided by Rule 3.191 expired October 27, 1975, and the Criminal Docket of this Court having been sounded on the 13th day of October, 1975, and the Court and the Court officials present having been under the erroneous impression that October 27th was a legal holiday the Court thereupon scheduled the above styled cause for trial on October 28th, 1975, and that during said 180 days the defendants were continuously available for trial, and the Court having heard argument of counsel for the State and defendants and being of the opinion that the Motions are well taken, it is thereupon
ORDERED AND ADJUDGED that the said Motions being the same are hereby granted and each of the defendants are discharged in the above cause."
In further amplification of the court's order, it should be pointed out that at the hearing on motion for discharge, the court stated that it was misinformed; that it was told by everybody that October 27 was a legal holiday; that had it known it was not, it would have tried the case on that day even though the courthouse offices were closed; that the state could not expect the court to keep up with time running out under the speedy trial rule.
October 27, the 180th day, was a federal holiday, Veteran's Day, and was observed by federal offices. The Florida Legislature has officially designated Veteran's Day as November 11 by § 683.01(1), Florida Statutes. Rule 3.040, F.R.Cr.P., governs the computation of any period of time prescribed or allowed by the Rules of Criminal Procedure with certain exceptions not pertinent here. It provides that "the last day of the period so computed shall be counted, unless it is Saturday, Sunday or a legal holiday, in which event the period shall run until the end of the next day which is either a Saturday, Sunday nor a legal holiday." § 683.01, Florida Statutes, prescribes the *701 legal holidays and it states in pertinent part as follows:
"(1) The legal holidays, which are also public holidays, are the following:
* * * * * *
(m) Veteran's Day, November 11. * *"
The statute does not define October 27 as a legal holiday. Since the term "legal holiday" is not defined by the Rules of Criminal Procedure, the statutory definition applies. See City of St. Petersburg v. Division of Administration, Department of Transportation, State of Florida, Fla.App. (2d), 276 So.2d 229 (1973). While the Florida Appellate Rules do not apply to criminal trials, we note that Rule 1.3 thereof lists Veteran's Day, November 11 as a legal holiday and does not list October 27. The appellate rule also lists as a holiday "any other day that, pursuant to order of court, the clerk's office of such court is officially closed," but even if the appellate rules were applicable, it does not appear that the clerk's office of Bay County was officially closed by order of court.
Farrell v. Bendix Corp., Fla.App. (4th), 232 So.2d 419 (1970), is a case somewhat analagous to the case sub judice although it involved construction of the appellate rules. The question there was whether or not December 26 was a "legal holiday" under the appellate rules. There, December 26 had been declared a "legal holiday" for federal employees by the President, and the county commission of Brevard County had also declared it a holiday. The contention was made that December 26 should be considered a "legal holiday" for the purposes of the Florida Appellate Rules. The Appellate Rules did not define December 26 as a legal holiday. The court there stated:
"We think the proper view to be taken of such holidays is stated in 30 Fla.Jur., Sundays and Holidays, § 8:
`Statutory or legal holidays are not regarded by the courts as nonjuridical days unless the courts are constrained to regard them as such by the terms or the necessary effect of statutes. A legal holiday has only the sanctity attached to it by statute. But Sundays in this state occupies the status of a nonjuridical day. * * *'"
The trial court's construction of the speedy trial rule was correct.
AFFIRMED.
RAWLS, Acting C.J., and SMITH, J., concur.