PER CURIAM.
By our previous opinion in this cause, Husk v. State, Fla.App.(1st), 305 So.2d 19 (1974), we relinquished jurisdiction to the trial court “to consider and then rule explicitly on the voluntariness of the defendant’s confession.” We also stated: “Promptly after an order is made on the issue of voluntariness as herein provided for, counsel for the appellant shall file herein a certified copy of such order.” (Emphasis supplied.) The trial court entered its order on December 30, 1974, but counsel for appellant did not file the certified copy of same with this court as we had directed and thus its entry was not called to our attention. Finally, upon this court’s inquiry, the certified copy was filed with us on May 12, 1976. The pertinent part of the trial court’s order states as follows:
“. . . the Court having heard testimony September 13, 1973, and having reviewed the complete transcript of all evidence presented September 13, 1973, the Court finds that the Court did find the defendant’s confession to be given freely and voluntarily without coercion or any promises or threats resulting in the Order Denying Motion to Suppress entered September 18, 1973, and the Court being fully advised in the premises, it is upon consideration
ORDERED that the Order denying defendant’s Motion to Suppress entered September 18, 1974, be and the same is hereby reaffirmed with a specific finding by the Court that said confession was freely and voluntarily made.”
The foregoing order satisfies and renders moot appellant’s contention that the trial court did not make an express finding that the confession was voluntarily given. We have reviewed the briefs and the record and find appellant’s remaining points to be without merit.
Affirmed.
RAWLS, Acting C. J., and McCORD and SMITH, JJ., concur.