HUBBART, Judge.
This case is an independent action to enforce a creditor’s claim against an estate. The trial court dismissed the claim as untimely and the claimant appeals.
The sole issue raised by the appeal is whether Fla.R.Civ.P. 1.090(a), (e) is applicable in computing the statutory thirty day time period under Section 733.705(3), Florida Statutes (1975), within which a claimant must file suit on a claim against an estate after being served with the estate’s objection to such claim. We hold that Fla.R. Civ.P. 1.090(a), (e) is applicable in computing the thirty day time period under Section 733.705(3), Florida Statutes (1975), and reverse.
The plaintiff-appellant is the Public Health Trust of Dade County, Florida, an agency and instrumentality of the State of Florida which operates, maintains and governs Jackson Memorial Hospital in Miami, Florida. The defendant-appellee is Ella Ga-brilove, the personal representative of the estate of Hillard Gabrilove.
On February 20,1976, the plaintiff filed a claim against the estate of Hillard Gabri-love which was then being probated in the Circuit Court of Dade County. The claim was for the reasonable value of medical services, supplies and treatment rendered by the plaintiff hospital during the deceased’s last illness.
On April 5, 1976, the defendant filed an objection to this claim with the court and mailed a copy of the objection to the plaintiff. On May 10,1976, the plaintiff filed an independent action to enforce its claim against the defendant with the Circuit Court of Dade County. The trial court dismissed the suit as untimely filed. The plaintiff appeals this order of dismissal.
Sections 733.701-733.710, Florida Statutes (1975), deal with the procedure involved in filing and enforcing creditors’ claims against an estate. After a claim has been properly filed, the personal representative of the estate or other interested person may file an objection to the claim on or before the expiration of four months from the date of first publication of the notice of administration. “If an objection is filed, the person filing it shall serve a copy of the objection by registered or certified mail to the address of the claimant as shown on the claim . . .” Section 733.705(2), Florida Statutes (1975).
“The claimant shall be limited to 30 days from the date of service of an objection within which to bring an independent action upon the claim.” Section 733.705(3), Florida Statutes (1975). This 30 day time limit may be extended by the court upon proper notice for good cause shown. Absent such extension, however, no action may be brought on the claim upon the expiration of the above 30 day time limit. Section 733.705(3), Florida Statutes (1975).
There are no provisions in any of the above statutes as to how the 30 day time limit provided in Section 733.705(3), Florida Statutes (1975), should be computed. In the absence of such provisions, the Florida courts have applied Fla.R.Civ.P. 1.090 and *1230 its predecessor rule in computing like statutory time periods. Stockslager v. Daly Aluminum Products, Inc., 246 So.2d 97 (Fla. 1971); Herrero v. Black & Decker Manufacturing Co., 275 So.2d 54 (Fla.3d DCA 1973); Finley v. State, 168 So.2d 201 (Fla.2d DCA 1964).
Fla.R.Civ.P. 1.090 provides in relevant part as follows:
“(a) Computation. In computing any period of time prescribed or allowed by these rules, by order of court or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included unless it is a Saturday, Sunday or legal holiday in which event the period shall run until the end of the next day which is neither a Saturday, Sunday or legal holiday. When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation. * * * ”
“(e) Additional Time After Service by Mail. When a party has the right or is required to do some act or take some proceeding within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period.”
Applying the above rules to the instant case, it is clear that the plaintiff’s action was timely filed. On April 5, 1976, the defendant’s objection to the claim was mailed to the plaintiff. Under the 30 day time period established by Section 733.-705(3), Florida Statutes (1975), as computed by Fla.R.Civ.P. 1.090(e), this gave the plaintiff until May 8, 1976, within which to file an independent action enforcing the claim. Since May 8, 1976 fell on a Saturday, the plaintiff had until the following Monday, May 10, 1976, to file the action under the same statute as computed by Fla.R.Civ.P. 1.090(a). The plaintiff, therefore, timely filed his action on May 10, 1976.
The order appealed from is reversed and the cause remanded for further proceedings.
Reversed and remanded.