DOWNEY, Chief Judge.
On May 17, 1978, appellant was arrested for aggravated battery. On June 6, 1978, the state filed an information against appellant, charging him with two counts of aggravated battery. On November 17, 1978, he made an oral motion for discharge pursuant to Florida Rule of Criminal Procedure 3.191. After the trial court denied that oral motion appellant pleaded nolo con-tendere and reserved the right to question the denial of said motion on appeal. The trial court entered: (1) a judgment of guilty on both counts and (2) a concurrent eight year sentence on each count. This appeal followed.
It appears that the 180th day for bringing appellant to trial fell on Thanksgiving Day, November 23, 1978. That day is a “legal holiday” according to Section 683.01, Florida Statutes (1977). Appellant was not brought to trial the next day, Friday, November 24th, 1978, because the chief judge of the Seventeenth Circuit had theretofore entered an administrative order declaring November 24,1978, among other days, to be an “official holiday.” On Monday, November 27th, appellant moved for discharge, contending 184 days had expired since his arrest and though the last day of the 180 day period fell on Thanksgiving Day, a “legal holiday,” the following day was not a legal holiday and appellant’s trial should have commenced that day.
In pertinent part Florida Rule of Criminal Procedure 3.040 provides that in computing any period of time prescribed by the Florida rules of criminal procedure the day of the event from which the designated period of time begins to . run is not to be included. The last day of the period shall be counted, unless it is a Saturday, Sunday, or legal holiday, in which event the period extends to the following day, if it is neither a Saturday, Sunday, nor legal holiday.
Section 683.01, Florida Statutes (1977), lists eighteen specific days as legal holidays, among which is “Thanksgiving Day, the fourth Thursday in November.” The following day is not among the days designated as a legal holiday. Although it has since been repealed,[1] at the time pertinent in this case chapter 683 also contained a section defining “paid holidays observed by state agencies.” Among the designated days was “Thanksgiving Day” and Friday after Thanksgiving.” Also throughout Chapter 683 other specific days are mentioned for special observance. Some of the days designated for special observance are legal holidays and some áre not. Resort must be had to Section 683.01 to determine which are legal holidays.
Since the Rules of Criminal Procedure do not define legal holidays, it is our. view that the term “legal holiday” as used in Rule 3.040, supra, refers to the legal holidays specified in Chapter 683 of the Florida Statutes. State v. Jones, 332 So.2d 699 (Fla. 1st DCA 1976). We thus conclude that Friday, November 24, 1978, was the 180th day for bringing appellant to trial. To rule otherwise would be tantamount to holding that the speedy trial rule can be extended simply by an administrative order of the chief judge of a circuit declaring certain days as “official holidays.”
Not exactly on point, but somewhat analogous, is the case of Farrell v. Bendix Corporation, 232 So.2d 419 (Fla. 4th DCA 1970), in which this court construed the then existing appellate rule designating legal holidays. Appellant had filed his notice of appeal on Monday, December 29th. The thirtieth day for taking an appeal fell on Friday, December 26th, which date had been declared a holiday for Federal employees by the President of the United States. The County Commission of Brevard County had also declared it a holiday. Appellant thus contended he had until Monday, December 29th to file his notice of appeal. This court rejected that contention and held that, since the appellate rules designated what days were legal holidays for appellate purposes, they controlled. Other holidays declared or designated by other authorities were not non-juridical days tolling prescribed time periods for performing required acts.
*782 In view of the foregoing, we are compelled to hold that appellant was not brought to trial within the time provided by Florida Rule of Criminal Procedure 3.191, and thus he was entitled to be discharged.
Accordingly, the judgment and sentences appealed from are reversed and the cause is remanded to the trial court with directions to discharge appellant.
REVERSED AND REMANDED with directions.
ANSTEAD and MOORE, JJ., concur.

. Chapter 79-190, Section 42 (Laws of 1979).