593 So.2d 533 (1992)
HEALTH QUEST CORPORATION IV, Health Quest Corporation, and Federal Property Management Corporation, Appellants,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 89-302.
District Court of Appeal of Florida, First District.
January 14, 1992.
*534 Robert D. Newell, Jr. of Newell & Stahl, P.A., Tallahassee, for appellants.
Richard A. Patterson, Asst. Gen. Counsel, Dept. of Health and Rehabilitative Services, Tallahassee, for appellee.
BOOTH, Judge.
This cause is before us on appeal from an order declaring appellants' certificate of need (CON) void due to expiration. Appellants contend, inter alia, that the hearing officer erred in (1) construing statutory provisions providing for an extension for good-faith delay in the commencement of construction, and (2) finding that the CON expired on Sunday, April 17, 1988, rather than the following Monday. Finding merit in both contentions, we reverse.
The CON, number 2450, to build a 120-bed nursing home in Dade County, had a one-year validity period terminating October 17, 1987. Thereafter, appellee, acting under Section 381.710(2)(a), Florida Statutes, granted appellants a six-month extension to April 1988.
Before the commencement of the six-month extension, appellant Health Quest Corporation (HQC) negotiated a sale-lease-back agreement with appellant Federal Property Management Corporation (FPMC). Under the agreement, a subsidiary of FPMC would build the facility, but FPMC would own the site and lease it back to HQC. This contract was formally executed in November 1987.[1]
After the six-month extension was granted, FPMC took control of the project and substantially changed it, determining to construct the facility from noncombustible materials instead of the originally-planned wood. FPMC also instituted litigation against Dade County contesting the requirement that FPMC build a sewer line instead of tapping into an existing one. Had the litigation been successful, FPMC would have saved $150,000. Appellants, however, were unsuccessful in the litigation, which terminated in March 1988. A week later FPMC submitted new plans to appellee. Due to the substantial changes, appellee agreed to allow FPMC to commence work on the foundation only, rather than wait for approval of the complete plans.
FPMC then began the permit process with local authorities. Because appellee had approved only the foundation plans, FPMC had to seek foundation-only permits rather than complete building permits. Dade County authorities, however, no longer routinely approved foundation-only permits, and FPMC had to obtain special permission from all the interested department heads. Because of the absence of one of the department heads, FPMC was unable to complete that process until Monday, April 18, 1988. Permitting was complete and construction commenced April 18, 1988, but appellee notified appellants in May that the CON was void.
FPMC requested a Section 120.57(1), Florida Statutes, hearing, contending, inter alia, that it was entitled to another extension under Section 381.710(2)(c), Florida Statutes (1987), because the sewer litigation and plan changes were undertaken in *535 good faith. Alternatively, FPMC argued that the CON's expiration date should have been extended by operation of law from Sunday, April 17, 1988, to the following Monday. Appellee maintained that the plan changes and sewer litigation were voluntary business decisions that appellants took at their own risk and that the expiration date was not extended by operation of law.
The hearing officer accepted appellee's argument, concluding that HQC had abandoned the project to FPMC and that FPMC's redesign caused the delay. He also found FPMC at fault for not beginning the plan approval process until the sewer litigation concluded.
Section 381.710(2)(c), Florida Statutes (1987), provides:
The certificate-of-need validity period for a project shall be extended by the department, to the extent that the applicant demonstrates to the satisfaction of the department that good-faith commencement of the project is being delayed by litigation or by governmental action or inaction with respect to regulations or permitting precluding commencement of the project.
The record reflects no evidence that FPMC redesigned the facility for construction with noncombustible materials for any purpose other than improving the facility's safety. The record also reflects no evidence that FPMC chose to litigate Dade County's sewer-line requirement for any reason other than its honest business judgment that it had a reasonable chance of saving $150,000 in construction costs. FPMC submitted new construction plans to appellee one week after the end of the litigation. Because the sewer litigation affected even foundation-only plans, FPMC could not have obtained local approval of its plans prior to the end of the litigation. Due to absence of a local official, FPMC was unable to obtain approval of these plans before April 18, 1988. In short, litigation followed by governmental inaction delayed the commencement of the construction.
The hearing officer found to the contrary:
[T]he delays [during the extension period] ... were attributable to Federal's efforts to reduce its costs or its redesign of the project. Under such circumstances, the proof fails to demonstrate that good faith commencement of construction was delayed by litigation, or governmental action or inaction, and the subject CON terminated April 17, 1988.
Appellee's rules, adopted July 25, 1989, subsequent to the last hearing in this case, provide:
Rule 10-5.018(3)(c), Florida Administrative Code.
Extensions of up to 60 calendar days per each request may be requested by a certificate of need holder who has received a timely extension and is approaching the end of the 18-month validity period.... This request for an extension must demonstrate that good faith commencement of the project is being delayed by litigation or by governmental action or inaction with respect to regulations or permitting which precludes commencement of the project.
Subsection (3)(d) further provides:
Where the holder of a valid certificate of need is precluded from commencement of the project due to litigation, ... an extension of the validity period shall be granted for the actual amount of time of the validity period which is equivalent to the period of litigation, ... .
The hearing officer did not have the benefit of these subsections at the time of the hearing. However, subsection (3)(c) tracks the statute, Section 381.710(2)(c), and both subsections represent incipient agency policy concerning litigation and good-faith delay within the meaning of the statute. FPMC could not have commenced construction during the period of its litigation, and accordingly should have been granted the extension.[2]
*536 The hearing officer also erred in finding that the six-month extension allowed under Section 381.710, Florida Statutes, expired on Sunday, April 17, 1988, rather than the following Monday. Florida Rule of Civil Procedure 1.090 governs computation of time in the absence of specific provisions to the contrary. Public Health Trust of Dade County v. Gabrilove, 349 So.2d 1228, 1229 (Fla. 3d DCA 1977). Florida Rule of Civil Procedure 1.090(a) provides:
In computing any period of time prescribed or allowed by these rules, by order of court or by any applicable statute, ... [t]he last day of the period so computed shall be included unless it is a Saturday, Sunday or legal holiday in which event the period shall run until the end of the next day which is neither a Saturday, Sunday or legal holiday.
The CON's expiration date was therefore extended by operation of law to Monday, April 18, 1988, on which date all permits had been obtained and steel and concrete footers for the auxiliary wing, an area in excess of 10,000 square feet, were in place. In short, construction was commenced prior to the CON's expiration.
Accordingly, this cause is reversed and remanded for further proceedings consistent herewith.
WIGGINTON, J., concurs.
BARFIELD, J., dissents with written opinion.
BARFIELD, Judge, dissenting:
There is nothing in the record before this court to indicate that the appellant was unable to commence the permitting procedure while it was seeking to obtain a beneficial court ruling on sewer construction. Nor is there any evidence to explain substantial delays and periods of inactivity during which no planning changes were being made nor litigation under way. There is ample competent substantial evidence to support the hearing officer's conclusion of no good faith effort on the part of appellants to commence this project within the time allowed by law and specified by the appellee.
The construction could have commenced on the final day of the sixth month extension period which fell on Sunday. There is no reason to apply a procedural rule of court to extend the period until the following Monday. There is no reason to conclude that construction work cannot take place on Sunday.
NOTES
[1] The hearing officer found that appellee was not notified of this agreement; however, the hearing officer did not find lack of notification invalidated the CON, and that is not an issue here.
[2] Appellee contends that appellants did not request an extension prior to the April 17, 1988 expiration date. However, the rules did not require a preexpiration request, and the hearing officer did not find such a request was required or that it was a basis for denial of relief.