629 So.2d 1098 (1994)
LEHMANN DEVELOPMENT CORPORATION, a Florida Corporation, Appellant,
v.
Norman NIRENBLATT and Florence Nirenblatt, his wife, and Southwestern Development of America, Inc., d/b/a Southeastern Development Group, Inc., d/b/a Southeastern Day Care Systems, Inc., d/b/a Cheers Academy, Appellees.
No. 92-04387.
District Court of Appeal of Florida, Second District.
January 14, 1994.
*1099 Peter C. Clement, Palm Harbor, for appellant.
G. Michael Mackenzie, Clearwater, for appellees Norman Nirenblatt and Florence Nirenblatt.
PER CURIAM.
In this case we are called upon to decide whether the method of time computation prescribed by Florida Rule of Civil Procedure 1.090(a) applies to the time period within which an action to enforce a construction lien must be commenced under section 713.22(1), Florida Statutes (1991). We hold that it does and reverse the trial court's dismissal of count I of the first amended complaint.
The first amended complaint in this case alleges that the appellant Lehmann Development Corporation, the plaintiff below, performed some construction on a property owned by appellees Norman and Florence Nirenblatt. Lehmann alleged that it entered into a contract with appellee Southeastern Development, the lessee of the property, to perform the improvement with the full knowledge of the Nirenblatts through their agent, Howard Hoffman. Count I of plaintiff's first amended complaint is an action to foreclose on a construction lien against the Nirenblatts. Count II is an action against Southeastern for breach of contract.
Lehmann filed its claim of lien on March 8, 1991. The initial complaint to foreclose the construction lien was filed on Monday, March 9, 1992, 366 days after the claim of lien was filed.
Section 713.22(1), Florida Statutes (1991), provides that:
No lien provided by part 1 shall continue for a longer period than 1 year after the claim of lien has been recorded, unless within that time an action to enforce the lien is commenced in a court of competent jurisdiction.
The Nirenblatts filed a motion to dismiss count I of the first amended complaint, which was granted by the trial court. The first ground raised in the motion has no merit, and was not argued before the trial court. The Nirenblatts, in the second ground of their motion, argued that Lehmann had failed to state a cause of action against them. The basis of the Nirenblatts' argument is that once the 365-day time period passed without any action taken to enforce the lien, the lien itself was extinguished by the operation of the statute. Lehmann argues that because the 365th day was a Sunday, Florida Rule of Civil Procedure 1.090(a) applies, thus allowing for a timely filing the following Monday. We agree.
In Rite-Way Painting & Plastering, Inc. v. Tetor, 582 So.2d 15 (Fla.2d DCA), rev. dismissed, 587 So.2d 1329 (Fla. 1991), this court applied rule 1.090 to extend the time for service of a notice to the owner in a mechanic's lien action. Section 713.06(2)(a) requires that all lienors not in privity with the owner, except laborers, as a prerequisite to perfecting a construction lien must serve notice on the owner no later than 45 days after commencing to furnish services or materials. In Rite-Way Painting, the 45th day fell on Saturday, December 31, and Monday, January 2, was a legal holiday. This court held that based on the time computations of rule 1.090 the last day for proper service was Tuesday, January 3. Because we have determined that the computations of rule 1.090(a) apply to the time period within which notice must be served on the owner under section 713.06(2)(a), we hold that they also apply to the period within which an action to enforce the lien must be commenced under section 713.22(1).
We also note that if we were to decide otherwise in those instances where the last day for commencing an action on a lien fell on a Saturday, Sunday or legal holiday, the time period would in actuality be less than *1100 365 days. Title examiners or others who might research the public records need to know that the time period would expire on a day when an action could be filed.
Reversed and remanded with instruction to reinstate count I of the first amended complaint.
THREADGILL, A.C.J., BLUE, J., and REESE, THOMAS S., Associate Judge, concur.