Mr. J. K. "Buddy" Irby Clerk of the Circuit Court Alachua County Courthouse Post Office Box 600 Gainesville, Florida 32602
Dear Mr. Irby:
You have asked for my opinion on substantially the following questions[1]:
1. Is computation of the 5 day time period for the publication of the notice of sale under section 45.031(1), Florida Statutes (1993), governed by Florida Rule of Civil Procedure 1.090?
2. Is the definition of a "legal holiday" under Florida Rule of Civil Procedure 1.090(a), governed exclusively by section 683.01, Florida Statutes (1993)?
In sum:
1. The 5 day period prior to which publication must be made under section 45.031(1), Florida Statutes, should be computed by the method described in Florida Rule of Civil Procedure 1.090.
2. The definition of a "legal holiday" under Florida Rule of Civil Procedure 1.090(a), generally means those days set forth in section 683.01, Florida Statutes (1993).
Section 45.031, Florida Statutes, provides an alternative method for judicial sale of real or personal property to be utilized at the discretion of the court, under its order. Subsection (1) provides that "[n]otice of sale shall be published once a week for 2 consecutive weeks in a newspaper of general circulation, as defined in chapter 50, published in the county where the sale is to be held. The second publication shall be at least 5 days before the sale." No instructions are contained in the statute or Chapter 45, Florida Statutes, for the computation of this 5 day period.
The courts have stated that the time computation rules found in Florida Rule of Civil Procedure 1.090 govern computations of time in the absence of specific provisions to the contrary.[2] Thus, this rule should be followed unless there is a manifestation of legislative intent to the contrary, as the paramount rule of statutory construction is to ascertain the intent of the Legislature.[3]
Florida Rule of Civil Procedure 1.090(a) provides:
In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included unless it is a Saturday, Sunday, or legal holiday, in which event the period shall run until the end of the next day which is neither a Saturday, Sunday, or legal holiday. When the period of time prescribed or allowed is less than 7 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.
Thus, applying this rule to section 45.031(1), Florida Statutes, the day of publication of notice is not to be included in the 5 day calculation. Further, any intervening Saturdays, Sundays, and legal holidays falling during the 5 day period are not to be counted. Saturdays, Sundays, and legal holidays are excluded as the last day in the computation and, when that occurs, the period runs until the end of the next day that is neither a Saturday, Sunday, nor legal holiday.[4]
Question Two
Florida Rule of Civil Procedure 1.090(a), does not define the term "legal holiday" for purposes of the rule or its application. However, Florida courts have said that the phrase "legal holiday," as used in the rule, refers to a "legal holiday" as specified by statute.[5] Section 683.01, Florida Statutes, sets forth a list of legal holidays, which are also public holidays, including New Year's Day, Independence Day, General Election Day, Thanksgiving Day and Christmas Day.[6]
In addition, the statute provides that "[w]henever any legal holiday shall fall upon a Sunday, the Monday next following shall be deemed a public holiday for all and any of the purposes aforesaid."[7] (e.s.) The Legislature recognizes a distinction between "legal holidays" and "public holidays" and, in order to give effect to this distinction, a public holiday is not the equivalent of a legal holiday.[8] Thus, I cannot say that, for purposes of computation of time under Florida Rule of Civil Procedure 1.090(a), a Monday next following a legal holiday may be excluded from such computation under the statute.
I would note that the State Constitution provides that "[t]he supreme court shall adopt rules for the practice and procedure in all courts including . . . the administrative supervision of all courts. . . ."[9] The power of the court to establish or designate legal holidays for state courts has been recognized[10]
and is grounded in the Constitution.[11] The court rules[12] and the statutory provisions relating to legal holidays should be harmonized to the maximum extent possible, but, as the courts have determined, any direct conflict must be resolved in favor of the Supreme Court provisions directed to the courts.[13]
Thus, reading Florida Rule of Civil Procedure 1.090, together with section 683.01(1), Florida Statutes, the date of the publication of notice is excluded from the 5 day calculation required by statute. Further, Saturdays, Sundays and legal holidays as set forth in section 45.031, Florida Statutes, are excluded as the last day for computing periods of time and intervening Saturdays, Sundays, and legal holidays are not included in the calculation. In addition, rules promulgated by The Supreme Court of Florida relating to legal holidays must be followed and will prevail over any statutory provision in the event of a direct conflict.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] You have also asked a number of questions requiring the application or interpretation of the Florida Supreme Court Personnel Manual. Any request for construction of the Florida Supreme Court Personnel Manual and its application in particular situations should be addressed to the Office of the State Courts Administrator. In addition, while this office is authorized to consider issues of current concern to a governmental agency or official we must decline to issue opinions on hypothetical questions. See, Department of Legal Affairs Statement of Policy Concerning Attorney General Opinions, p. x, 1992 Annual Report of the Attorney General.
[2] See, e.g., Health Quest Corporation IV v. Department of Health and Rehabilitative Services, 593 So.2d 533, 536 (Fla. 1st DCA 1992); Public Health Trust of Dade County v. Gabrilove,349 So.2d 1228, 1229 (Fla. 3d DCA 1977).
[3] State Department of Public Welfare v. Bland, 66 So.2d 59
(Fla. 1953); Ervin v. Peninsular Telephone Company, 53 So.2d 647
(Fla. 1951).
[4] See, Herrero v. Black And Decker Manufacturing Company,275 So.2d 54 (Fla. 3d DCA 1973), adopted, cert. discharged,281 So.2d 18 (Fla. 1973).
[5] Cf., Turner v. State, 382 So.2d 780 (Fla. 4th DCA 1980), in which the court construed Florida Rule of Criminal Procedure 3.040 (which is the criminal equivalent of Florida Rule of Civil Procedure 1.090) providing that in computing any period of time the last day of the period shall be counted, unless it is a Saturday, Sunday, or legal holiday; and State v. Jones,332 So.2d 699 (Fla. 1st DCA 1976).
[6] Section 683.01(1), Florida Statutes.
[7] Section 683.01(2), Florida Statutes.
[8] See, State v. Zimmerman, 370 So.2d 1179 (Fla. 4th DCA 1979) (Legislature would not enact a purposeless and therefore useless piece of legislation); State Farm Mutual Automobile Insurance Company v. O'Kelley, 349 So.2d 717 (Fla. 1st DCA 1977) (Statute should not be construed in such manner as to reach an illogical or ineffective conclusion when another construction is possible).
And see, Turner v. State, 382 So.2d 780 (Fla. 4th DCA 1980).
[9] Article V, s. 2(a), Fla. Const. 
[10] See, Bluesten v. Florida Real Estate Commission,125 So.2d 567 (Fla. 1960); Cummins Alabama, Inc. v. Allbritten,548 So.2d 258, 261 (Fla. 1st DCA 1989) ("The Supreme Court of Florida has the exclusive power to prescribe rules for the practice and procedure in Florida courts. Necessarily included is the power to designate legal holidays for state courts.")
[11] See, Cassas v. Lazan, 488 So.2d 671 (Fla. 4th DCA 1986) (when court designates a holiday, day so designated shall be considered legal holiday in computation of any times pursuant to the Florida Rules of Civil Procedure).
[12] In 1978, The Supreme Court of Florida promulgated a Personnel Regulations Manual which became binding on all courts of this state. The manual designates the legal holidays to be observed by the courts, which, as related in Cummins Alabama, Inc., supra at p. 261, are consistent with section 110.117(1)(g), Florida Statutes, providing "paid holidays" for state employees.
[13] Cummins Alabama, Inc. v. Allbritten, id. at footnote 10.