726 So.2d 338 (1999)
STATE of Florida, Appellant,
v.
William GARBER, Appellee.
No. 98-39
District Court of Appeal of Florida, Fifth District.
January 22, 1999.
*339 Robert A. Butterworth, Attorney General, Tallahassee, and Roberta J. Tylke, Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and Anne Moorman Reeves, Assistant Public Defender, Daytona Beach, for Appellee.
THOMPSON, J.
The state appeals the order discharging Garber on speedy trial grounds. We reverse because we hold that the Friday after Thanksgiving, a day on which the circuit court was closed pursuant to a supreme court directive that it was a court holiday, was a "legal holiday" within the meaning of Rule 3.040, Florida Rules of Criminal Procedure.
On 20 November 1997, Garber filed a notice of expiration of speedy trial, asserting the expiration of the 180-day period within which to try him provided by rule 3.191(a). Generally, when a defendant files a notice of expiration of speedy trial time, a hearing must be held within five days, and the defendant must be brought to trial within ten days of the hearing. See Fla. R.Crim. P. 3.191(p)(3). In this case, a hearing was held on 1 December 1997, during which Garber argued that the hearing was untimely because, even excepting from the computation Saturdays, Sundays, and legal holidays, it was being held beyond the five day period prescribed in rule 3.191. At issue was whether the Friday after Thanksgiving was a holiday within the meaning of rule 3.040:
Rule 3.040. Computation of Time
In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act or event from which the designated period of time begins to run is not to be included. The last day of the period so computed shall be counted, unless it is a Saturday, Sunday, or legal holiday, in which event the period shall run until the end of the next day that is neither a Saturday, Sunday, nor legal holiday. When the period of time prescribed or allowed shall be less than 7 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation, except for the periods of time of less than 7 days contained in rules 3.130, 3.132(a) and (c), and 3.133(a).
The term "legal holiday" is not defined in the rules of criminal procedure, or in the rules of civil procedure,[1] and, in both the civil and criminal context, courts have turned to section 683.01, Florida Statutes, to determine the "legal holidays" within the meaning of the rule. See, e.g., Turner v. State, 382 So.2d 780 (Fla. 4th DCA 1980); State v. Jones, 332 So.2d 699 (Fla. 1st DCA 1976); City of St. Petersburg v. Department of Transportation, 276 So.2d 229 (Fla. 2d DCA 1973). Section 683.01 is contained in Title XXXIX, Commercial Relations, and designates certain days as legal holidays without stating the legal effect of the designation.
In Turner, the district court ordered the discharge of the defendant, ruling that although the chief judge of the circuit had declared the Friday after Thanksgiving an "official holiday," the day was not a legal holiday within the meaning of rule 3.040, because the date was not designated in section 683.01. See also, Jones (affirming discharge of defendant because, although courthouse closed on 27 October, the federally designated Veteran's Day, section 683.01 designated 11 November as Veteran's Day); cf. Cassas v. Lazan, 488 So.2d 671 (Fla. 4th DCA 1986) (day designated holiday by court shall be considered legal holiday in computation of times pursuant to rules of civil procedure). In the instant case, the only case law presented to the predecessor judge was Turner, but the court ruled that Turner did not control because it involved an order of the circuit court, while the instant case involved *340 an order of the supreme court. Accordingly, the predecessor judge ruled that the hearing was timely, and set Garber's trial for 9 December 1997.
On the day of trial, Garber argued to the successor judge that the trial date was untimely because the Friday after Thanksgiving was not a legal holiday as contemplated in the rule. That being so, Garber argued, both the day of the hearing and the day set for trial were untimely. The successor judge, feeling bound by Turner, discharged Garber. While we deem it problematic to refer to section 683.01, in the context of a court proceeding, we reverse because we hold that when the supreme court designates a holiday, it is a "legal holiday" for purposes of the rules of criminal procedure.
We are persuaded by the reasoning in Cummins Alabama, Inc. v. Allbritten, 548 So.2d 258 (Fla. 1st DCA) rev. denied, 553 So.2d 1164 (Fla.1989), in which the circuit court was closed pursuant to a supreme court rule setting forth the legal holidays to be observed by the courts of the state. The Cummins Alabama court pointed out that the supreme court has the exclusive power to prescribe rules of practice and procedure in Florida courts, id. at 261 (citing Bluesten v. Florida Real Estate Comm'n, 125 So.2d 567 (Fla.1960)), including the power to designate legal holidays for the courts, id. Any conflict between rules and statutory provisions had to be resolved in favor of supreme court rules concerning the courts. Id. We think that the better rule is stated in Cummins Alabama  that with regard to holidays, a supreme court promulgation supersedes a contrary statutory provision, and that it is contrary to common sense to say that the last day to perform an act in court can be a day when the court is not open. Accordingly, we reverse the order of discharge and remand for further proceedings.
REVERSED and REMANDED for proceedings consistent with this opinion.
DAUKSCH and HARRIS, JJ., concur.
NOTES
[1] Legal holidays are designated in the rules of appellate procedure, and include "any other day when the clerk's office is closed." Fla. R.App. P. 9.420.