LaROSE, Judge.
 

 Eric Canónico appeals an order dismissing, with prejudice, his defamation lawsuit against various media defendants. The trial court dismissed the lawsuit because Mr. Canónico filed his claim prematurely, before satisfying a presuit notice requirement.
 
 See
 
 § 770.02, Fla. Stat. (2005). His lawsuit was thereafter barred by the applicable statute of limitations.
 
 See
 
 § 95.11(4)(g), Fla. Stat. (2003). We affirm.
 

 We review the trial court’s order de novo.
 
 Lander v. Smith,
 
 906 So.2d 1130, 1132 (Fla. 4th DCA 2005) (citing
 
 MEBA Med. & Benefits Plan v. Lago,
 
 867 So.2d 1184, 1186 (Fla. 4th DCA 2004)). The interplay between section 770.01 and Florida Rule of Civil Procedure 1.090(a) is central to our review. The statute provides as follows:
 

 770.01 Notice condition precedent to action or prosecution for libel or slander. — Before any civil action is brought for publication or broadcast, in a newspaper, periodical, or other medium, of a libel or slander, the plaintiff shall, at least 5 days before instituting such action, serve notice in writing on the defendant, specifying the article or broadcast and the statements therein which he or she alleges to be false and defamatory.
 

 Providing notice is a condition precedent to filing suit.
 
 See Gifford v. Bruckner,
 
 565 So.2d 887 (Fla. 2d DCA 1990);
 
 Mancini v. Personalized Air Conditioning & Heating, Inc.,
 
 702 So.2d 1376, 1377 (Fla. 4th DCA 1997);
 
 Cummings v. Dawson,
 
 444 So.2d 565 (Fla. 1st DCA 1984).
 

 Section 770.01 does not specify whether the five-day period is calculated using business or calendar days. The trial court sought guidance from rule 1.090(a):
 

 Rule 1.090 Time
 

 (a) Computation. In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included unless it is a Saturday, Sunday, or legal holiday, in which event the period shall run until the end of the next day which is neither a Saturday, Sunday, or legal holiday. When the period of time prescribed or allowed is less than 7 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.
 

 Rule 1.090 governs the computation of time absent specific computation provi
 
 *55
 
 sions to the contrary.
 
 See, e.g., Lehmann Dev. Corp. v. Nirenblatt,
 
 629 So.2d 1098, 1099 (Fla. 2d DCA 1994) (holding that rule applies to time computation for filing a claim for a construction lien when the final day of the period falls on a weekend or legal holiday);
 
 Berry v. Clement,
 
 346 So.2d 105 (Fla. 2d DCA 1977) (holding that rule applies in computing the five-day period allowed for filing defensive pleadings in summary eviction proceedings);
 
 Health Quest Corp. IV v. Dep’t of Health and Rehabilitative Servs.,
 
 593 So.2d 533, 536 (Fla. 1st DCA 1992) (holding that certificate of need’s expiration date, which was on Sunday, was extended by operation of law to Monday);
 
 Pub. Health Trust of Dade County v. Gabrilove,
 
 349 So.2d 1228, 1229 (Fla. 3d DCA 1977) (stating that rule is applicable in computing statutory thirty-day time period within which a claimant must file suit on a claim against estate after being served with estate’s objection to the claim);
 
 Moffett v. MacArthur,
 
 291 So.2d 134 (Fla. 4th DCA 1974) (stating that statute providing for demand for jury trial not later than five days after an action comes to issue should be computed by excluding day on which cause comes to issue, as well as any intervening Saturday, Sunday, or legal holiday).
 

 The alleged defamation occurred on October 8, 2003. The final day of the limitations period was October 10, 2005.
 
 See
 
 § 95.11(4)(g). Mr. Canónico mailed his section 770.01 notice on Tuesday, October 4, 2005. Under rule 1.090, the intervening Saturday and Sunday, October 8 and 9, 2005, did not count; Tuesday, October 11, 2005, was the end of the five-day notice period. However, Mr. Canónico filed suit on October 10, 2005, a day too soon under section 770.01, read in conjunction with rule 1.090. The trial court, therefore, dismissed the defamation lawsuit for failure to satisfy the condition precedent. The trial court then concluded that the dismissal must be with prejudice because the cause of action expired before expiration of the five-day period.
 
 See
 
 § 95.11(4)(g);
 
 Williams v. Campagnulo,
 
 588 So.2d 982, 983 (Fla.1991);
 
 City of Coconut Creek v. City of Deerfield Beach,
 
 840 So.2d 389 (Fla. 4th DCA 2003).
 

 In analyzing an appellate rule governing timeliness, which contained language similar to that in rule 1.090, we said that the rule “does not extend the time set by the legislature — it merely defines the manner in which the statutory times [are] to be computed.”
 
 Finley v. State,
 
 168 So.2d 201, 202 (Fla. 2d DCA 1964). Such rules are procedural, used to implement a substantive right.
 
 State v. J.A.,
 
 367 So.2d 702, 703-04 (Fla. 2d DCA 1979). In
 
 Finley,
 
 the State argued that the appeal should be dismissed as one day untimely, notice having been due on a Sunday but filed on Monday. It contended that the filing of a notice of appeal was “jui’isdic-tional” and the district courts had no power to waive or extend the statutory period set by the legislature. We rejected the argument, stating “the ... rule merely operates to compute time prescribed by rules, orders or applicable statutes.” 168 So.2d at 203. Here, the trial court merely used rule 1.090 to compute a legislatively-mandated period.
 
 [1]
 

 We are not unsympathetic to Mr. Canonico’s predicament. After all, rule
 
 *56
 
 1.090 is typically applied to extend a period in which to perform some task.
 
 See, e.g., Ludwig v. Glover,
 
 357 So.2d 233, 237 (Fla. 1st DCA 1978) (noting that rule 1.090(a) relates to periods within which some act or action must be taken; deferring any decision on the issue of whether a ten-month period would be extended for the commencement or conclusion of a hearing before a medical malpractice mediation panel should the last day fall on a Saturday, Sunday, or legal holiday because it was not an issue in the case). Under section 770.01, Mr. Canónico could not act until the five-day notice period expired. However, we cannot accept his argument that, because section 770.01 is silent on the manner in which to calculate the five-day period, calendar days must be used. The plain language of rule 1.090 dictates that the trial court was correct.
 
 See also BNP Paribas v. Wynne,
 
 944 So.2d 1004, 1005 (Fla. 4th DCA 2005) (explaining that in the absence of a statutory provision setting forth the manner of time computation, the computation of days provided by a statute is governed by rule 1.090(a), as stated in its express language); Op. Att’y Gen. Fla. 94-37 (1994) (advising that the five-day time computation period for publication of notice of sale under section 45.031(1), Florida Statutes (1993), should be computed by using rule 1.090(a)).
 

 The trial court properly computed the written notice requirement of section 770.01 by applying rule 1.090(a). Accordingly, we must affirm. However, we certify to the Supreme Court of Florida a question of great public importance:
 

 WHEN THE FIVE-DAY PRESUIT NOTICE IS GIVEN IN A DEFAMATION SUIT UNDER SECTION 770.01, DOES FLORIDA RULE OF CIVIL PROCEDURE 1.090(a) APPLY TO EXCLUDE SATURDAYS, SUNDAYS, AND LEGAL HOLIDAYS?
 

 WHATLEY and KHOUZAM, JJ., Concur.
 

 [1]
 

 . In the trial court, Mr. Canónico also claimed that abatement was the proper remedy and not dismissal. He does not pursue that argument here.
 
 See Hosp. Corp. of Am. v. Lindberg,
 
 571 So.2d 446 (Fla.1990) (holding that failure to follow presuit screening process in medical malpractice suit was not a fatal jurisdictional defect but could be corrected by dismissal with leave to amend as long as notice of intent to litigate was served within limitations period).