COHEN, J.
 

 D.M.H. appeals the denial of her petition for -writ of habeas corpus. The issue D.M.H. raises is whether her confinement is unlawful because the hearing on her Baker Act
 
 [1]
 
 petition, which sought involuntary inpatient placement, was not held within five calendar days. We affirm.
 

 When a petition for involuntary placement is filed under the Baker Act, either involuntary outpatient or involuntary inpatient placement may be sought. §§ 394.4655(6)(a)l„ 394.467(6)(a)l., Fla. Stat. (2008). If involuntary outpatient placement is sought, the trial court must hold a hearing “within 5 working days.” § 394.4655(6)(a)l. If involuntary inpatient placement is sought, the trial court must hold a hearing “within 5 days.” § 394.467(6)(a)l. D.M.H. seizes on the difference in language to argue that because section 394.4655(6)(a)l. uses “working” days, the omission of that word in section 394.467(6)(a)l. reflects a legislative intent that the hearing for involuntary inpatient placement be held in five calendar days.
 

 We recognize the Legislature’s use of different terms in different parts of the same statute is “ ‘strong evidence that different meanings were intended.’ ”
 
 Maddox v. State,
 
 923 So.2d 442, 446 (Fla.2006) (quoting
 
 State v. Mark Marks, P.A.,
 
 698 So.2d 533, 541 (Fla.1997)). However, this principle is not dispositive in this case because of Florida Rules of Civil Procedure 1.010 and 1.090.
 

 The rules of civil procedure apply to “all actions of a civil nature and all special statutory proceedings,” subject to certain exceptions not applicable to this case. Fla. R. Civ. P. 1.010. Rule 1.090 governs the computation of time periods under the rules of civil procedure, a court order, or “any applicable statute.” Fla. R. Civ. P. 1.090(a). When a statute prescribes action be taken within a certain time period, “[r]ule 1.090 governs the computation of time absent specific computation provisions to the contrary.”
 
 Canonico v. Callaway,
 
 26 So.3d 53, 54 (Fla. 2d DCA 2010). In relevant part, rule 1.090(a) provides that Saturdays, Sundays, and legal holidays are excluded when the prescribed time period is seven days or less. Because section 394.467 does not specifically indi
 
 *802
 
 cate how the five-day time period is to be calculated, rule 1.090 governs.
 
 See
 
 Fla. R. Civ. P. 1.010;
 
 Canonico,
 
 26 So.3d at 54.
 

 Based on the foregoing, we reject D.M.H.’s argument that her hearing on involuntary inpatient placement had to be held within five calendar days of the petition being filed. Accordingly, we affirm the trial court’s denial of her petition for writ of habeas corpus.
 
 [2]
 

 AFFIRMED.
 

 SAWAYA and EVANDER, JJ., concur.
 

 [1]
 

 . § 394.451, Fla. Stat. (2008).
 

 [2]
 

 . We further note that even if we agreed with D.M.H.’s reading of the statute, the remedy would not be dismissal of the petition. Rather, D.M.H. would be entitled to release pending a hearing.